STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. JEFFREY DISHON, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued December 7, 1987—Decided December 23, 1987.

Before Judges PETRELLA and DREIER.

*Susan J. Abraham,* Assistant Deputy Public Defender, argued the cause for appellant (*Alfred A. Slocum,* Public Defender, attorney; *Susan J. Abraham,* of counsel and on the letter brief).

*Cathleen Russo Delanoy,* Deputy Attorney General, argued the cause for respondent (*W. Cary Edwards,* Attorney General

of New Jersey, attorney; *Cathleen Russo Delanoy,* of counsel and on the letter brief).

The opinion of the court was delivered by

DREIER, J.A.D.

Defendant appeals from convictions of attempted murder, *N.J.S.A.* 2C:11–3 and 2C:5–1, and armed robbery, *N.J.S.A.* 2C:15–1, based upon pleas of guilty to these offenses. The plea agreement provided that defendant would receive sentences running concurrently with a sentence he was already serving on an unrelated charge; the sentence would not exceed 15 years; and no minimum period of parole ineligibility would be imposed by the court. Further, additional charges of fourth degree unlawful possession of a weapon, *N.J.S.A.* 2C:39–5d, third degree possession of a knife for an unlawful purpose, *N.J.S.A.* 2C:39–4d, and third degree theft, *N.J.S.A.* 2C:20–3a, were to be, and were in fact, dismissed. Defendant was sentenced to concurrent 15–year terms without a period of parole ineligibility.[1]

*R.* 3:9–2 mandates that a plea should not be accepted without the court:

first addressing the defendant personally and determining by inquiry of the defendant and others, in the court's discretion, that there is a factual basis for the plea.

Defendant has attacked both the armed robbery and attempted murder convictions claiming that there was an insufficient basis placed upon the record for the acceptance of both pleas. The negotiation of the plea and sentence envisioned that both charges would be disposed of in a single sentence. Yet so long

---

[1]The court was in error for imposing a 15–year term for defendant's attempted murder conviction. The offense was committed November 10, 1984 at which time the crime of attempted murder was classified as one of the second degree rather than of the first degree. The State consents to our resentencing defendant for this second degree crime. However, since we are remanding the attempted murder conviction based upon defendant's failure to articulate a factual basis for the plea, the State's concession is moot.

as defendant receives no greater sentence than that contemplated by the plea agreement, if one of the pleas must be vacated, the other does not necessarily fall. This is especially so, since we are not faced with questions of revival of merged offenses. *Cf. State v. Truglia,* 97 *N.J.* 513, 525 (1984).

The incident arose out of an alleged homosexual encounter between defendant and the victim. After the two drove to the beach in the victim's car, defendant struck the victim with a pipe causing injuries which required 200 stitches to close the wound and an operation to reattach a portion of the victim's ear which had been torn from the side of his head. Defendant contended, however, that his recollection of the occurrence was hazy as a result of drugs which he had ingested. He remembered meeting the victim and hitting him with the pipe. Further, in response to the question of whether defendant had taken the victim's car, defendant answered, "yes, I had possession of his car." In answering the prosecutor's questions, however, defendant agreed that he had unclear recollections concerning the extent of the assault which we will review in our discussion of the attempted murder plea.

After the assault had been more fully discussed the judge also inquired about the car. He stated:

Q. After you did this you took his car?

A. Yes, sir.

The judge then established that defendant knew it was the victim's car because the victim had been in it. The prosecutor then asked (but only the second portion of the compound question was answered):

Q. Why did you take his car? Why did you hit him?

A. Like I said, I was under the influence of drugs. He could have provoked me in any way, I don't know.

The prosecutor then told defense counsel that there was not even a factual basis for robbery. Defense counsel responded that this plea hearing was becoming an adversarial proceeding. The defendant broke in and stated:

I took the guy's car. Isn't that saying it was robbery. I said I hit the guy.

The judge then asked about the robbery:

Q. Is that the only thing you took, was the car?

A. Yes, sir. What he said was in the car was not accurate. He said the car was full of clothes in the trunk, about $2,000.00 worth.

Q. Don't tell me what he said, [I] just want to know what you say.

A. Sorry. Yes, sir, I took the car.

The judge next inquired about the attack and then returned to the issue of the robbery.

Q. And did you steal his car?

A. Yes, sir.

From our view of this testimony there was no question that defendant provided a factual basis for a first degree robbery conviction. *N.J.S.A.* 2C:15–1b raises robbery to the first degree

if in the course of committing the theft the actor attempts to kill anyone, or purposely inflicts or attempts to inflict serious bodily injury, or is armed with, or uses or threatens the immediate use of a deadly weapon.

The term "deadly weapon" is defined in *N.J.S.A.* 2C:11–1c and includes an

instrument ... which in the manner it is used or is intended to be used, is known to be capable of producing death or serious bodily injury....

The pipe used by defendant to strike the victim falls within this definition. The robbery itself was clearly established under *N.J.S.A.* 2C:15–1a by defendant's explicit admission that he considered it a robbery when he hit the victim and took his car. Thus, the first degree robbery conviction and the sentence imposed can be sustained. This conviction can only be set aside if the State, as a result of our action concerning the attempted murder charge, presses for a total penalty greater than that contemplated by the bargain; or if defendant successfully moves to set aside his plea. At oral argument before this court, defendant's counsel urged that if the plea agreement is successfully attacked as to either charge, defendant may vacate both pleas. Defendant is aware that if this occurs, the State may reinstate the dismissed counts, *State v. Rhein*, 117 *N.J.Super.* 112, 121 (App.Div.1971), and if defendant is then convicted, the State may press for consecutive sentences with periods of parole ineligibility.

■ We now consider the factual basis for the attempted murder plea.[2] Defendant stated that he did not remember assaulting the victim, but only remembered ending up in his car, because defendant "was messed up on drugs." He then stated that he did remember hitting the victim with a pipe. He said to the judge that he was guilty of the crime, but just did not remember clearly. He had a vague recollection of hitting the victim with a pipe, but did not remember hitting him more than once. He had read the medical report concerning the victim's injuries and stated that he knew that 200 stitches were required to close the wound and that the victim's ear had to be sewn together, and he had no question in his mind that the injuries were a result of his having hit the victim. As noted earlier, when asked why he hit the victim, he stated:

A. Like I said, I was under the influence of drugs. He could have provoked me in any way, I don't know.

Defendant stated that he found the pipe on the beach, and there is no question in his mind that he assaulted the victim, but he explicitly stated:

Yes, I assaulted him. I don't believe I tried to kill him.

He admitted, however, in response to his counsel's question that he exhibited a "wanton disregard" of human life by hitting the victim over the head with the pipe and then stealing his car. This scenario from the defendant's recollection is insufficient to establish an attempt to murder the victim, which requires a purposeful or knowing act. *N.J.S.A.* 2C:11–3a(2) and *N.J.S.A.* 2C:5–1.

---

[2] We realize that the plea agreement required that the sentences be concurrent and that defendant has received a longer term for the first degree robbery conviction than could be imposed for the attempted murder as a second degree crime. Defendant is already serving a prison sentence for aggravated manslaughter and possession of a destructive device for which he was sentenced to 86½ years with a 43–year three-month parole ineligibility. We have been informed that this conviction is also on appeal. Although the sentencing phase of the attempted murder conviction here under review can have no appreciable effect on the time defendant will serve, he has a right to have an independent adjudication of the charge.

■ The problem here is that since defendant's conduct was wanton, as conceded by him, it constituted the lesser-included offense of aggravated assault under *N.J.S.A.* 2C:12–1b(1). This type of aggravated assault is a second degree offense, as was attempted murder under the previous statute. In any event, defendant would be subject to resentencing as a result of the mistake in the degree of the crime to which he had pled. We, therefore, see no reason to prevent the State from voluntarily amending the offense charged to the lesser-included charge of aggravated assault.

A second route is open to the trial judge. As noted earlier, *R.* 3:9–2 permits, in the discretion of the court, the factual basis to be made out by inquiry of "others." The presentence report reveals that a patrolman informed the investigating detective that a friend of defendant's told the patrolman that when she was working in a local bar, defendant came in and openly bragged that he had beaten someone up, taken his car and left him to die. If the State wishes to reopen the plea hearing as to the single charge before us,[3] and present other witnesses to establish this factual basis, in view of defendant's admitted inability to remember, *R.* 3:9–2 does not prevent the court from receiving such additional evidence. This is not a case where defendant has categorically denied committing the offense, in which case his plea must be refused. *State v. Reali,* 26 *N.J.* 222, 224 (1958). Instead defendant has stated that he wished to plead guilty in any event.[4]

---

[3]If only the single plea is reopened, there would be no basis to reinstate the dismissed counts, since as a result of the valid armed robbery conviction defendant would serve the full sentence contemplated by the original agreement. *State v. Lightner,* 99 *N.J.* 313, 316–317 (1985).

[4]We therefore have no cause to examine whether *North Carolina v. Alford,* 400 *U.S.* 25, 91 *S.Ct.* 160, 27 *L.Ed.*2d 162 (1970), would be reexamined in this State under the present language of *R.* 3:9–2. *See* "Administrative Memo Re: Criminal Pleas," 94 *N.J.L.J.* 1 (Jan. 7, 1971), limiting *Alford* to capital cases.

If the State reopens the plea proceeding to present further evidence, defendant may move to withdraw his plea as if it were made before sentencing. If, however, the State merely applies to amend the charge to conform to the proofs, defendant's withdrawal of his plea would be governed by the more stringent post-conviction withdrawal rules of *State v. Herman,* 47 *N.J.* 73, 76–77 (1966), and *State v. Rodriguez,* 179 *N.J.Super.* 129, 135 (App.Div.1981). *Compare R.* 3:21–1 *with R.* 3:9–3(e). *And see Pressler, Current N.J. Court Rules,* Comment 6 to *R.* 3:9–3, and Comment to *R.* 3:21–1, (1987), and other cases cited therein.

Under the unusual facts of this case, with a sustainable plea to armed robbery, the greater of two offenses, we have no hesitancy in remanding this matter to the trial judge for a rehearing on the attempted murder plea. On appropriate motion by the State, the trial judge may enter a conviction for second degree aggravated assault and sentence appropriately within the plea bargain and governing statute. Alternatively, if the plea is not withdrawn, the judge may, on application of the State, hear additional witnesses to provide a factual basis for the attempted murder plea. The judge then may sentence defendant appropriately within the plea agreement and the second degree sentencing limitation applicable at that time.

Affirmed in part and remanded in part for further proceedings.