STATE OF NEW JERSEY, PLAINTIFF–RESPONDENT, v. MILDRED BARBOZA, DEFENDANT–APPELLANT.

Argued February 28, 1989—Decided June 12, 1989.

416

*Susan J. Abraham,* Assistant Deputy Public Defender, argued the cause for appellant (*Alfred A. Slocum,* Public Defender, attorney; *Susan J. Abraham* and *John R. Grele,* Assistant Deputy Public Defender, of counsel and on the briefs).

*Catherine A. Foddai,* Deputy Attorney General, argued the cause for respondent (*Peter N. Perretti, Jr.,* Attorney General of New Jersey, attorney; *Catherine A. Foddai* and *John M. Holliday,* Deputy Attorney General, on the briefs).

The opinion of the Court was delivered by

GARIBALDI, J.

Pursuant to a negotiated plea agreement, defendant, Mildred Barboza, pleaded guilty to aggravated manslaughter in violation of *N.J.S.A.* 2C:11-4(a). In turn, the State agreed to dismiss defendant's outstanding murder indictments and to recommend a maximum sentence of fifteen years, reserving the right to seek a maximum parole ineligibility period of seven-and-one-half years.

The trial court accepted the plea, sentenced defendant to the agreed maximum term, and dismissed the outstanding murder indictments. Defendant appealed her conviction and the Appellate Division reversed defendant's conviction, holding that the plea was factually unsupported by the record. It then remanded the case to allow the State either to downgrade the offense charged to conform to the proofs or to reopen the proceedings to present further evidence. We granted certification to determine what remedy should follow after an appellate court finds that a guilty plea has been accepted without an adequate factual basis. 113 *N.J.* 360 (1988).

## I

During the night of September 9, 1984, and into the early hours of September 10, Ricky Barboza, defendant's four-year-old son, was severely beaten by defendant's boyfriend, Richard Collier, at Collier's home. At 5:00 a.m. on September 10, defendant took her son Ricky to Middlesex General Hospital. Although defendant claimed that the child had fallen down a flight of stairs, the hospital physicians immediately suspected child abuse. Ricky died on September 11 from the injuries inflicted. On September 13 Collier admitted beating the child and defendant acknowledged that she lied to the hospital personnel concerning the source of Ricky's injuries.

On August 28, 1985, defendant pleaded guilty to the aggravated manslaughter of Ricky Barboza. At the plea hearing, the trial court questioned defendant in order to establish a factual basis for the plea. Defendant stated that she had delivered Ricky to Collier's house on September 9 after Collier had requested that Ricky spend the night. Defendant knew that Collier, who had been drinking, intended to discipline Ricky because Ricky had taken a ruler belonging to Collier. She believed that Collier would "slap him or make him stand in the corner for a while." Defendant insisted, however, that she did not suspect that Collier would inflict "severe" discipline. Defendant admitted that Collier had hit Ricky previously and that on one occasion she had even covered up the bruises inflicted by Collier. She also acknowledged that when Collier drank too much, he could become physically abusive, but stated that she did not believe he was drunk on the night in question.

At the plea hearing, the trial court also reviewed an autopsy report submitted by the Public Advocate, which concluded:

The injuries received by the deceased, including the head injury, liver injury and almost all the bruises on the body's surface, were consistent with having been caused during the period when Mildred Barboza was not present in the home. Only one bruise, the one in the mid-back, was shown on microscopic examination to be older, approximately a week old.

Despite reservations about the adequacy of the plea's factual basis, the trial court accepted the plea. The court found that the plea was voluntary and that the defendant understood its terms and implications. On October 18, 1985, the court sentenced defendant to the maximum term permissible under the plea agreement. At the request of the State, pursuant to the plea agreement, the murder indictments pending against defendant were dismissed.

Defendant subsequently appealed her conviction on the grounds that there was an insufficient factual basis in the record to support a conviction for aggravated manslaughter and, in the alternative, that the court improperly applied sentencing guidelines. The Appellate Division reversed the conviction, holding that the plea was factually unsupported by the record. In effect, the court concluded that the facts supporting the plea could not establish that the circumstances described involved a "probability of murder," a requirement of aggravated manslaughter. *See State v. Curtis*, 195 *N.J.Super.* 354, 365 (App.Div.1984).

In her petition for certification, defendant argued that she must be allowed to withdraw her guilty plea and plead anew. In a supplemental brief filed subsequently, however, she asserted for the first time that in the interests of justice her plea should be downgraded to the third-degree crime of endangering the welfare of a child, *N.J.S.A.* 2C:24–4(a). The State contends that the Appellate Division's remand procedure is appropriate. The only issue now before us is whether the Appellate Division's remedy of allowing the State either to downgrade the offense charged to conform to the factual basis provided below or to reopen the proceedings to present further evidence is correct. Under the Appellate Division decision if the State were to choose the first option, defendant would be permitted to withdraw her plea only on satisfying the stringent post-sentencing standard of correcting a "manifest injustice." *R.* 3:21–1. If the State were to choose to reopen the plea

proceedings to present further evidence to support the aggrava-
ted-manslaughter charge, defendant would be permitted to
withdraw her plea under the more lenient pre-sentencing "inter-
ests of justice" standard. *R.* 3:9–3(e). We conclude that if an
appellate court subsequently determines that a plea has been
accepted without an adequate factual basis, the plea, the judg-
ment of conviction, and the sentence must be vacated, the
dismissed charges reinstated, and defendant allowed to re-plead
or to proceed to trial.

## II

Plea bargaining has become institutionalized as a legitimate,
respectable, and practical tool in the efficient and fair adminis-
tration of criminal justice. *State v. Taylor,* 80 *N.J.* 353, 360–61
(1979). It is widely viewed as an appropriate accommodation of
the conflicting interests of society and persons accused of crime
and as a needed response to an ever-burgeoning caseload.
*Santobello v. New York,* 404 *U.S.* 257, 260, 92 *S.Ct.* 495, 498,
30 *L.Ed.*2d 427, 432 (1971); *Taylor, supra,* 80 *N.J.* at 361.

The cornerstone of the plea-bargaining system is the "mutu-
ality of advantage" it affords to both the defendant and the
State. The system enables a defendant to reduce the penal
exposure and avoid the stress of trial while assuring the State
that the wrongdoer will be punished and that scarce and vital
judicial and prosecutorial resources will be conserved through a
speedy resolution of the controversy. *Ibid.*

Because a defendant who pleads guilty waives important
constitutional rights, including the right to avoid self-incrimina-
tion, to confront his accusers, and to secure a jury trial,
*McCarthy v. United States,* 394 *U.S.* 459, 466, 89 *S.Ct.* 1166,
1171, 22 *L.Ed.*2d 418, 425 (1969), *Taylor, supra,* 80 *N.J.* at
361–62, New Jersey has designed court Rules to assure that the
plea (1) contains a factual basis, (2) is given voluntarily, and (3)
is given with an understanding of the nature of the charge and

the consequences of the plea.[1]  Specifically, *Rule* 3:9–2 reads in relevant part:

A defendant may plead only guilty or not guilty to an offense.  The court, in its discretion, may refuse to accept a plea of guilty and shall not accept such plea without first addressing the defendant personally and determining by inquiry of the defendant and others, in the court's discretion, that there is a factual basis for the plea and that the plea is made voluntarily, not as the result of any threats or of any promises or inducements not disclosed on the record, and with an understanding of the nature of the charge and the consequences of the plea....

This Rule further provides that if a guilty plea is refused, "no admission made by the defendant shall be admissible in evidence against him at the trial."

The requirement that there exist a factual basis for the plea serves a variety of purposes.  In particular, it is designed to "protect a defendant who is in the position of pleading voluntarily with an understanding of the nature of the charge but without realizing that his conduct does not actually fall within the charge."  Fed.R.Crim.P. 11(f) advisory committee note (1966 amendment).  *See also McCarthy, supra,* 394 *U.S.* at 467, 89 *S.Ct.* at 1171, 22 *L.Ed.*2d at 426; *United States v. Fountain,* 777 *F.*2d 351, 355 (7th Cir.1985).  The factual-basis requirement also affords the court an opportunity to observe the conditions under which the plea is made, provides a better record for appellate review if the plea is subsequently challenged, increases the visibility of charge-reduction practices, and aids correctional agencies in the performance of their functions.  *See* W. LaFave & J. Israel, 2 *Criminal Procedure,* § 20.4(f) (1984).

---

[1] A guilty plea violates due process and is, thus, constitutionally defective if it is not voluntary and knowing.  *McCarthy v. United States, supra,* 394 *U.S.* at 466, 89 *S.Ct.* at 1171, 22 *L.Ed.*2d at 425.  A factual basis is not constitutionally required unless the defendant accompanies the plea with a claim of innocence.  *North Carolina v. Alford,* 400 *U.S.* 25, 38 n. 10, 91 *S.Ct.* 160, 167 n. 10, 27 *L.Ed.*2d 162, 171–72 n. 10 (1970); *Willett v. Georgia,* 608 *F.*2d 538, 540 (5th Cir.1979).  New Jersey's court Rules, however, do require guilty pleas to be factually supported.

In New Jersey, except in capital cases, the trial court must be "satisfied from the lips of the defendant that he committed the acts which constitute the crime." *State v. Stefanelli,* 78 *N.J.* 418, 439 (1979) (Schreiber, J., concurring). A defendant's admission or acknowledgment may be completely understood, however, in light of all surrounding circumstances. *State v. Sainz,* 107 *N.J.* 283, 293 (1987).

■■ Nowhere do New Jersey's court Rules contemplate a modification of a charge pleaded to either unilaterally or by arrangement with the prosecutor. The discretion of the trial court in assessing a plea is limited to assuring that the criteria for a valid plea of guilty have been met. *Rule* 3:9–2 makes clear that a plea is either accepted in full or rejected in full. There is no intermediate status for a plea. A plea agreement is an all-or-nothing arrangement. *Accord People ex. rel. Daley v. Suria,* 112 *Ill.*2d 26, 96 *Ill.Dec.* 83, 85, 490 *N.E.*2d 1288, 1290 (1986) (the authority of a trial court that finds that a plea is not supported by a factual basis is limited to rejecting the plea and does not extend to finding defendant guilty, without a trial, of a lesser-included offense to which defendant had not entered a plea).

■ To allow the State to downgrade a conviction to a lesser-included offense, over the defendant's objection, also violates the spirit of *Rule* 3:9–3, which limits the role of trial judges in plea discussions. *Rule* 3:9–3(a) provides that "[t]he prosecutor and defense counsel may engage in discussions relating to pleas and sentences, but except as herein authorized the judge shall take no part in such discussions."[2] In the present case, however, for example, where the factual basis

---

[2]R. 3:9–3(c), as amended, effective June 15, 1989, permits the court to indicate in advance whether it will agree to any tentative disposition negotiated between prosecutor and defendant, or, if no tentative agreement has been reached, with the consent of both counsel, to indicate what maximum sentence the court would impose. The amendments do not otherwise authorize the court to initiate plea discussions or participate in plea negotiations.

established by the prior plea may arguably vary from supporting the charge of manslaughter, *N.J.S.A.* 2C:11–4(b), a second-degree crime, to endangering the welfare of a child, *N.J.S.A.* 2C:24–4, a third-degree crime, the trial court would have to become actively involved with the parties in determining the lesser-included offense for which the defendant could be convicted.

Moreover, to allow a court to direct the entry of a guilty plea to a lesser-included criminal offense without defendant's consent is tantamount to permitting a court to direct a verdict against a defendant in a criminal case. *See State v. Collier*, 90 *N.J.* 117, 122 (1982) (a trial court's directing a verdict of guilty to a lesser-included offense violates defendent's federal and state constitutional rights).

It would also violate *Rule* 3:9–2, which prohibits the use of an admission elicited in support of a refused guilty plea. The Appellate Division's order to vacate the plea operates as a refusal of a plea; it does what the trial court should have done in the first place and was legally empowered to do, no more or less. The second proceeding before the trial court is an entirely new proceeding, not a continuation of the prior one. Admitting into evidence admissions made in a prior plea proceeding without the defendant's consent would be equivalent to admitting them into evidence at a subsequent trial.

By permitting a defendant to withdraw from an unsupported plea, we also reduce prosecutorial incentive to "overcharge" defendants in the hope of inducing defendants to admit sufficient facts to warrant a conviction on the lesser-included offense actually sought by the State. *See* Alschuler, *The Prosecutor's Role in Plea Bargaining*, 36 *U.Chi.L.Rev.* 50, 85–105 (1968) (discussing the problem of "overcharging"). Such a procedure offends the contractually-based principle of "mutuality," which underlies the plea bargaining system. *Taylor, supra,* 80 *N.J.* at 361.

Finally, the Appellate Division remedy violates the policies of fairness and efficiency enunciated in *Rule* 1:1–2, which provides that "[t]he rules . . . shall be construed to secure a just determination, simplicity of procedure, fairness in administration and the elimination of unjustifiable expense and delay." The present case illustrates the inadequacy of the law in its present state. Defendant has been in prison for over four-and-one-half years without the benefit of a valid charge made against her, the case has had a long and tortuous procedural history in the court system, and the plea withdrawal procedure proposed by the Appellate Division is substantially more complicated than that suggested by our reading of *Rule* 3:9–2.

### III

Our decision is supported both by New Jersey and federal case law. Most New Jersey appellate courts, finding an insufficient factual basis to support a guilty plea, have simply vacated the conviction and allowed withdrawal of the guilty plea without any further discussion. *See, e.g., State v. Lightner,* 99 *N.J.* 313, 316 (1985); *State v. Paladino,* 203 *N.J.Super.* 537, 549 (App.Div.1985) ("an illegal sentence becomes 'inoperative in its entirety and [is] properly vacated' "); *State v. Pitman,* 201 *N.J.Super.* 21, 27 (App.Div.1985); *State v. Stackhouse,* 194 *N.J.Super.* 371, 376 (App.Div.1984) (permitting *defendant* the option of providing a sufficient factual basis for the second-degree armed burglary offense to which he pleaded guilty or withdrawing his plea and proceeding to trial on all counts, including dismissed counts).

Likewise, where a guilty plea taken in federal court is determined not to contain a sufficient factual basis, the conviction is generally vacated and the defendant permitted to plead anew.[3]

---

[3]Rule 11(f) of the Federal Rules of Criminal Procedure provides that "[n]otwithstanding the acceptance of a plea of guilty, the court should not enter a judgment upon such plea without making such inquiry as shall satisfy it that there is a factual basis for the plea." Rule 11 applies only to pleas taken in

*See* Fed.R.Crim.P. 11(f) advisory committee note (1966 amendment) ("The normal consequence of a determination that there is not a factual basis for the plea would be for the court to set aside the guilty plea and enter a plea of not guilty."); *McCarthy v. United States, supra,* 394 *U.S.* at 468, 89 *S.Ct.* at 1172, 22 *L.Ed.*2d at 426 (If Rule 11 is not complied with, "then defendant's guilty plea must be set aside and his case remanded for another hearing at which he may plead anew."); *United States v. Van Buren,* 804 *F.*2d 888, 892 (6th Cir.1986); *United States v. Fountain, supra,* 777 *F.*2d at 359; *Carreon v. United States,* 578 *F.*2d 176, 179 (7th Cir.1978); *United States v. Hilyer,* 543 *F.*2d 41, 43 (8th Cir.1976); *Gilbert v. United States,* 466 *F.*2d 533, 534 (5th Cir.1972). *But see United States v. Allen,* 804 *F.*2d 244, 248 (3d Cir.1986), (remanded to permit district court to determine whether it was satisfied that a factual basis existed in record at time of original plea hearing), *cert.* den. 480 *U.S.* 922, 107 *S.Ct.* 1384, 94 *L.Ed.*2d 697 (1987); *United States v. Glass,* 720 *F.*2d 21 (8th Cir.1981) (remanded to give State an opportunity in an evidentiary hearing to provide evidence sufficient to establish a factual basis where all parties, including defendant, were aware of evidence that the prosecution *inadvertently* failed to present), *cert.* den. 474 *U.S.* 856, 106 *S.Ct.* 161, 88 *L.Ed.*2d 134 (1985); *United States v. Romanello,* 425 *F.Supp.* 304, 309 (D.Conn.1975) (State may present evidence to support a factual basis after plea has been taken because the factual basis requirement "protects against false pleas, not involuntary ones.")

The State contends that *State v. Dishon,* 222 *N.J.Super.* 58 (App.Div.1987), *certif.* den., 110 *N.J.* 508 (1988), supports its position that the charge against a defendant may be amended to conform to the factual basis supplied below. We disagree and find it distinguishable from the present case.

---

federal court. *McCarthy v. United States, supra,* 394 *U.S.* at 460, 89 *S.Ct.* at 1168, 22 *L.Ed.*2d at 422.

In *Dishon* the defendant pleaded guilty to attempted murder and armed robbery. The court found that the robbery plea was supported by sufficient facts but that the attempted-murder plea was not. After noting that the case presented "unusual facts," the court remanded for additional proceedings. 222 *N.J.Super.* at 65. The State was given the option of either (1) amending the charge to fit the proofs by reducing it to aggravated assault, in which case the defendant would face the stricter post-conviction "manifest injustice" standard of plea withdrawal; or (2) introducing additional proofs that would allow defendant to withdraw his plea according to the more lenient pre-conviction standard. *Ibid.*

Three factors are of special significance when considering *Dishon.* First, Dishon was already subject to resentencing on the attempted-murder count. He had been mistakenly sentenced as if attempted murder were a first-degree crime, even though, at the time he committed the offense, it was a crime of the second-degree. As a result of this, the court noted that "[w]e, therefore, see no reason to prevent the State from voluntarily amending the offense charged to the lesser-included charge of aggravated assault." *Dishon, supra,* 222 *N.J.Super.* at 64. In this respect, the court did no more than correct an error in the paperwork. Second, Dishon "stated that he wished to plead guilty in any event." *Ibid.* Third, Dishon's simultaneous guilty plea to first-degree robbery for which he was serving a concurrent sentence was not vacated, so essentially whatever avenue the State took would have no real effect on defendant's sentence.

■ *Dishon* does not conflict with our holding that a defendant is entitled to re-plead after an appellate court finds that there was an insufficient factual basis to support the guilty plea. Defendant continued to wish to plead guilty to the lesser-included offenses and the State did not object. In essence, a second plea bargain was effected. So long as *both* the

defense and the prosecution *agree* on the outcome, an appellate tribunal, after invalidating a plea, may reduce the conviction to an adequately supported lesser-included offense.[4]

By contrast, in this case, defendant and the State do not agree on a new plea. Because there is an insufficient factual basis to support defendant's plea of aggravated manslaughter defendant may re-plead. Her conviction and sentence are vacated and the dismissed counts reinstated.

The effect is to return the parties to the position they were in at the beginning of the August 28, 1985, plea hearing. Had the first trial court refused to accept the plea, as it should have, the parties would have been free to renegotiate another plea or proceed to trial. Our decision today achieves the same result. The procedure we propose best reflects the concerns of fundamental fairness to defendants and of procedural simplicity, which benefits all parties involved and the criminal justice system.

One final note. Defendant has already spent over four and one-half years in prison. Accordingly, a trial court considering any application for bail for defendant should subject the proofs proffered by the State to the closest scrutiny in assessing bail, keeping in mind the long period of time defendant has been imprisoned.

The judgment of the Appellate Division is affirmed in part and modified in part and the cause remanded for further proceedings consistent with this opinion.

---

[4]Likewise, in *State v. Butler,* 89 *N.J.* 220 (1982), we found that there was an insufficient factual basis to support a plea for first-degree robbery. However, throughout the proceeding the defendant "concede[d] that he [was] guilty of robbery but question[ed] the degree of his offense." 89 *N.J.* at 224. Accordingly, we vacated the first-degree robbery conviction and remanded for entry of a second-degree robbery conviction and the imposition of the appropriate sentence. *Id.* at 232.

428

*For affirmance in part; modification in part; remandment*—Chief Justice WILENTZ and Justices CLIFFORD, HANDLER, POLLOCK, O'HERN, GARIBALDI and STEIN—7.

*Opposed*—None.