**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4861-18T1

STATE OF NEW JERSEY,

      Plaintiff-Respondent,

v.

MIGUEL VASQUEZ, a/k/a
VASQUEZ-HERNANDEZ,

      Defendant-Appellant.

_____

Argued November 2, 2020 – Decided December 18, 2020

Before Judges Currier and DeAlmeida.

On appeal from the Superior Court of New Jersey, Law Division, Union County, Accusation No. 01-07-0913.

Leslie B. Posnock argued the cause for appellant (Schwartz & Posnock, attorneys; Leslie B. Posnock, of counsel and on the briefs).

Michele C. Buckley, Special Deputy Attorney General/Acting Assistant Prosecutor, argued the cause for respondent (Lyndsay V. Ruotolo, Acting Union County Prosecutor, attorney; Albert Cernadas, Jr., Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Miguel Vasquez appeals from the denial of his petition for post-conviction relief (PCR) and motion to vacate his guilty plea. Defendant contends the trial court erred in denying his motion to vacate the plea because it lacked an adequate factual basis and the Slater[1] factors weigh in favor of vacating the plea. We affirm.

In June 2001, defendant and a group of people set fire to a car that belonged to his building's superintendent. Eyewitnesses identified defendant as the person who started the fire. Defendant was charged with second-degree aggravated arson in violation of N.J.S.A. 2C:17-1(a)(2).

In July 2001, defendant met with counsel to review the charge, discovery, and a plea offer. Subsequently, defendant pled guilty to third-degree arson in violation of N.J.S.A. 2C:17-1(b)(2).[2] Under the plea agreement, the State sought a sentence of three years' probation, 180 days in county jail, and payment of restitution.

---

[1] State v. Slater, 198 N.J. 145, 157-58 (2009).

[2] The judgment of conviction reflects defendant correctly pled guilty to third-degree arson, however, the judgment of conviction mistakenly lists the statute for second-degree arson.

A-4861-18T1

On the plea form, defendant indicated he committed the offense to which he was pleading guilty and he responded affirmatively to question seventeen, which asked: "Do you understand that if you are not a United States citizen or national, you may be deported by virtue of your plea of guilty?"[3]

Defendant appeared alongside three other individuals entering guilty pleas for different offenses. When defendant responded he was not a U.S. citizen, the judge asked: "you understand by pleading guilty this could affect your citizenship and/or residency status?" Defendant responded: "Yes, ma'am." The judge inquired whether defendant had sufficient time to review the charge against him and the plea form with his attorney; defendant responded affirmatively. Defendant also indicated he was not forced to plead guilty and he was satisfied with his attorney's representation.

After the plea judge explained the rights defendant was forfeiting by entering a guilty plea, she elicited a factual basis:

> THE COURT: [O]n June 4th, in the City of Plainfield, did you unlawfully and purposely start a fire recklessly burning a car and placing others in danger because of that?
>
> [DEFENDANT]: Yes.

---

[3] Defendant was born in the Dominican Republic but was deemed a permanent legal resident of the United States in 1993.

A-4861-18T1

After defense counsel stated he was satisfied there was a factual basis for defendant's plea, the judge accepted the plea.

Defendant was sentenced in October 2001. The judge found the mitigating factors outweighed the aggravating factors and imposed a sentence below what the State sought under the plea agreement. Defendant was sentenced to sixty days in county jail, three years' probation, and restitution and other fines.

In November 2017, defendant filed a PCR petition. In January 2019, defendant amended his PCR petition and moved to vacate his guilty plea. Defendant argued: (1) he was entitled to withdraw his guilty plea because it was not supported by an adequate factual basis; (2) he was entitled to withdraw his guilty plea because the Slater factors weighed in his favor; (3) he was deprived of the effective assistance of counsel because his plea attorney did not properly inform him of the immigration consequences of his guilty plea and his sentencing attorney failed to review the presentence report with him, know his name, and tell the court about defendant's claim of innocence; and (4) he was entitled to withdraw his guilty plea or be resentenced because he received an illegal sentence.

In June 2019, after entertaining oral argument, the PCR judge issued a comprehensive, well-reasoned decision and order denying defendant's petition

for PCR and other relief. The judge found defendant's plea was supported by a proper factual basis as his responses to questions at the plea hearing established the necessary elements for an arson conviction. The judge also found defendant was not entitled to withdraw his plea under Slater because each of the four required factors weighed against defendant—he did not assert a colorable claim of innocence, he did not have clear, forceful reasons to withdraw his plea, he entered his guilty plea pursuant to a plea agreement, and the State would incur unfair prejudice from a withdrawal of the plea.

In addressing defendant's ineffective assistance of counsel claim, the judge found defendant's claim was time-barred because he did not file his PCR petition until sixteen years after his conviction and he did not establish excusable neglect or fundamental injustice. The judge also found defendant's claim lacked merit because his plea counsel did not provide affirmative mistaken advice and he could not show that but for counsel's alleged errors, he would have rejected the plea and gone to trial. Moreover, the record showed defendant's sentencing counsel informed the court he had reviewed the presentencing report with defendant and advised the court that there "was some denial as to [defendant's] charge[.]"

A-4861-18T1

Finally, the PCR judge found that while defendant's judgment of conviction incorrectly reflected the wrong statute, it was clear he was convicted of third-degree arson, and the imposed sentence was within the statutory range for third-degree arson.

On appeal, defendant presents a single point for our review:

> THE COURT BELOW ERRED IN DENYING DEFENDANT'S MOTION TO VACATE HIS GUILTY PLEA AS NO ADEQUATE FACTUAL BASIS FOR SAME WAS ESTABLISHED
>
> > A. Defendant Must Be Permitted to Withdraw His Plea Even Pursuant to the Analysis Set Forth in State v. Slater
> >
> > > i. Colorable Claim of Innocence
> > >
> > > ii. Nature and Strength of Defendant's Reasons for Withdrawal
> > >
> > > > a. Defendant's Plea Was Not Knowing and Voluntary in Accordance with R. 3:9-2
> > >
> > > iii. Existence of a Plea Bargain
> > >
> > > iv. Prejudice to State/Advantage to the Accused

Under Rule 3:9-2, a judge "shall not accept" a guilty plea without first eliciting a "factual basis for the plea." The trial court must be "satisfied from the lips of the defendant that he committed the acts which constitute the crime."

6

State v. Smullen, 118 N.J. 408, 415 (1990) (quoting State v. Barboza, 115 N.J. 415, 422 (1989)). Thus, a proper factual basis for a guilty plea "must obviously include defendant's admission of guilt of the crime or the acknowledgment of facts constituting the essential elements of the crime." State v. Sainz, 107 N.J. 283, 293 (1987). A factual basis may be established in "one of two forms; defendant may either explicitly admit guilt with respect to the elements or may 'acknowledge [ ] . . . facts constituting the essential elements of the crime.'" State v. Campfield, 213 N.J. 218, 231 (2013) (quoting Sainz, 107 N.J. at 293).

We are satisfied from our review of the record that defendant's guilty plea was supported by an adequate factual basis. Defendant answered affirmatively to the plea court's question, establishing the first and second elements of the offense.

In turning to the Slater issue, defendant has not shown an entitlement to relief under the four factors that guide whether to allow a defendant to vacate and withdraw a guilty plea. 198 N.J. at 157-58. These factors are: (1) whether defendant has asserted a colorable claim of innocence; (2) the nature and strength of defendant's reasons for withdrawal; (3) the existence of a plea bargain; and (4) whether withdrawal would result in unfair prejudice to the State or unfair advantage to the accused. We review a trial court's denial of a motion

7

to withdraw a guilty plea under an abuse of discretion standard.  State v. Tate, 220 N.J. 393, 404 (2015).

First, defendant failed to assert a colorable claim of innocence.  Although defendant asserts during the pre-sentence interview that he was sleeping during the incident, he also acknowledged he pled guilty and "took the six months."  He did not deny setting fire to the superintendent's car.

Turning to the second factor, defendant's proffered reasons for withdrawing his plea are meritless.  The record reflects the plea was knowing and voluntary.  Defendant indicated he understood the charge against him, as well as the plea agreement and its consequences in his responses to questions both on the plea form and from the judge at his plea hearing.  Defendant stated he was not forced to plead guilty and he was satisfied with his attorney's services.

The PCR judge also correctly found the third Slater factor weighed against defendant because he received a very favorable sentence.  Defendant faced exposure up to five years' incarceration for a third-degree arson conviction but only received a sentence of sixty days' incarceration, three years' probation, and monetary penalties.  The error on the judgment of conviction is immaterial.  The

8

judgment notes correctly that defendant was convicted of and sentenced on the third-degree arson charge.

Finally, if defendant was permitted to withdraw his plea, it would result in unfair prejudice to the State given the sixteen-year gap between defendant's conviction and the filing of his PCR petition. This passage of time would certainly cause great difficulty in locating witnesses and presenting evidence at trial.

We are satisfied from our review of the record that the PCR judge did not abuse his discretion in denying defendant's motion to withdraw his plea. Defendant failed to meet his burden under Slater to withdraw his plea.

We affirm the denial of defendant's motion to withdraw his guilty plea and the denial of his petition. We remand to the trial court only to correct the judgment of conviction to accurately reflect the proper statute under which defendant was convicted of third-degree arson.

Affirmed and remanded with instructions to correct the judgment of conviction. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4861-18T1