**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3448-18T4

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

LESLIE D. HILL, a/k/a LESLIE
W. HILL, LESLIE HILL and
LESLIE BUNDY,

     Defendant-Appellant.

_____

> Submitted November 9, 2020 – Decided December 28, 2020
>
> Before Judges Messano and Hoffman.
>
> On appeal from the Superior Court of New Jersey, Law Division, Salem County, Indictment No. 16-04-0227.
>
> Joseph E. Krakora, Public Defender, attorney for appellant (Michele A. Adubato, Designated Counsel, on the brief).
>
> John T. Lenahan, Salem County Prosecutor, attorney for respondent (David M. Galemba, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Leslie Hill appeals from the January 14, 2019 Law Division order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. Defendant collaterally challenges his conviction, after a guilty plea to first-degree aggravated manslaughter.

Because we conclude that defendant, in the course of his plea allocution, did not present a sufficient factual basis of guilt, we reverse. In reaching this conclusion, we apply the principles set forth in State v. Urbina, 221 N.J. 509, (2015). We conclude the failure to elicit a sufficient factual basis was of constitutional dimension and warrants PCR. See State v. D.D.M., 140 N.J. 83, 95 (1995); State v. Mitchell, 126 N.J. 565, 577-78 (1992); State v. Belton, 452 N.J. Super. 528, 530 (App. Div. 2017).

I.

On February 8, 2016, Kyana Roman called 9-1-1 because A.C., her two-year-old daughter, was not breathing. When officers from Salem City Police Department arrived at Roman's apartment, A.C. was unresponsive. Approximately one hour after the 9-1-1 call, A.C. was pronounced dead at Salem Memorial Hospital. While no injuries were visible at the time of death, an autopsy revealed multiple blunt force injuries to A.C.'s spine, head, and internal organs.

A-3448-18T4

Defendant, Roman's boyfriend, was also present at the scene when police arrived and voluntarily gave a recorded statement to Salem County Prosecutor's Office (SCPO) investigators, admitting no wrongdoing. After the autopsy, police called Roman and defendant to be interviewed at the Salem City Police Department. Before defendant's interview, however, police learned defendant had an outstanding warrant for an unrelated matter.

At the start of the interview, police read defendant his Miranda[1] rights. During the approximately three-hour interview, defendant admitted he "slammed" A.C. on the couch, caused her to fall, and "wrestl[ed]" with her during the evening of February 7, 2016. While putting A.C. in "yoga positions" – pushing her legs behind her head – defendant heard a loud "pop" and A.C. began crying. He subsequently took A.C. upstairs and placed her in her bedroom. At no point during this interview did defendant invoke his Miranda rights.

On April 27, 2016, a Salem County Grand Jury returned an indictment, charging defendant with one count of first-degree murder, N.J.S.A. 2C:11-4(a)(1); two counts of second-degree aggravated assault, N.J.S.A. 2C:12-

---

[1] Miranda v. Arizona, 384 U.S. 436 (1966).

A-3448-18T4

1(b)(1); and one count of second-degree endangering the welfare of a child, N.J.S.A. 2C:24-4(a).

On June 29, 2016, defendant's plea counsel filed a motion to suppress defendant's second statement to law enforcement. However, counsel withdrew the motion on September 2, 2016 and requested "the pre-trial conference remain as scheduled to permit counsel to continue off-record plea negotiations." Defendant eventually accepted the State's plea offer. Under the plea agreement, defendant agreed to plead to an amended charge of first-degree aggravated manslaughter, and the State agreed to recommend defendant receive a twenty-five-year prison term, subject to the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2, and dismissal of the remaining charges.

At his plea hearing on December 5, 2016, plea counsel engaged defendant in the following colloquy:

> Q: [Y]ou were in Salem on or around February 7th of 2015?
>
> A. Yes.
>
> Q: Is it correct on that day you engaged in rough play with a two-year-old whose initials are A.C.?
>
> A. Yes.
>
> Q: And in the course of that rough play . . . did you cause significant injuries to her?

A-3448-18T4

A. Yes.

Q: And in the course of causing those injuries, did you cause her death?

A. Yes.

Q: And would you agree that the manner in which you were playing with A.C. disregarded a risk of injury that you posed to her?

A. Yes.

Q: Isn't it correct that after you engaged in rough play with her, you did not seek any medical attention?

A. Yes.

While defendant may have admitted to reckless conduct, he was not asked to admit that his conduct was done "under circumstances manifesting extreme indifference" to human life, N.J.S.A. 2C:11-4(a)(1), i.e., that it was probable, not possible, that death would result. Notwithstanding this omission, neither the prosecutor nor the judge asked any additional questions to establish the key element of aggravated manslaughter.[2]

---

[2] In State v. Curtis, 195 N.J. Super. 354, 364-65 (App. Div. 1984), this court found that the difference between aggravated and reckless manslaughter is the degree of risk created by defendant's conduct. If, under all the surrounding circumstances, the defendant's conduct creates a probability, as opposed to a "mere possibility" of death, then the circumstances manifest "extreme

On January 20, 2017, the same judge sentenced defendant, in accordance with the plea agreement, to a twenty-five-year prison term, subject to NERA, and dismissed the remaining charges. Defendant appealed his sentence to an excessive sentence oral argument (ESOA) panel, which affirmed the sentence. State v. Hill, No. A-002678-16 (App. Div. June 5, 2017).

On January 3, 2018, defendant filed a pro se petition for PCR. Assigned counsel filed a brief in support of the petition, asserting that 1) there was an insufficient factual basis for the amended charge of aggravated manslaughter; 2) plea counsel was ineffective for failing to explain the aggravated manslaughter charge and failing to investigate third party guilt; and 3) counsel improperly withdrew the Miranda motion.

On January 14, 2019, a different judge heard oral argument on defendant's PCR petition at a non-evidentiary hearing. The PCR judge issued a written opinion denying defendant's petition on January 18, 2019, finding defendant's argument that the factual basis was insufficient was procedurally barred by Rule 3:22-4, because it could have been raised on direct appeal, and was otherwise

---

indifference to human life" and the offense is aggravated manslaughter. Id. at 365-65. Our Supreme Court endorsed Curtis in State v. Breakiron, 108 N.J. 591, 605 (1987). See also State v. Galicia, 210 N.J. 364, 378 (2012) ("[W]hen it is only possible that death will result, the homicide constitutes reckless manslaughter." (citing Curtis, 195 N.J. Super. at 364)).

A-3448-18T4

without merit, and that defendant failed to establish a prima facie case of ineffective assistance of counsel. This appeal followed.

Defendant raises the following argument on appeal:

THE POST-CONVICTION RELIEF COURT ERRED IN DENYING THE DEFENDANT'S PETITION FOR POST-CONVICTION RELIEF WITHOUT AFFORDING HIM AN EVIDENTIARY HEARING TO FULLY ADDRESS HIS CONTENTION THAT HE FAILED TO RECEIVE ADEQUATE LEGAL REPRESENTATION FROM PLEA COUNSEL.

II.

PCR is the vehicle through which a defendant may, after conviction and sentencing, challenge a judgment of conviction by raising issues that could not have been raised on direct appeal and, therefore, ensures that a defendant was not unjustly convicted. State v. McQuaid, 147 N.J. 464, 482 (1997). Pursuant to Rule 3:22-2(a), a defendant is entitled to PCR if there was a "[s]ubstantial denial in the conviction proceedings of defendant's rights under the Constitution of the United States and the Constitution or laws of the State of New Jersey."

We review the trial court's denial of PCR de novo. State v. Harris, 181 N.J. 391, 421 (2004) (stating appellate court conducts de novo review when PCR court does not hold an evidentiary hearing). We also review de novo a decision whether a defendant has provided an adequate factual basis for a guilty plea.

7

State v. Tate, 220 N.J. 393, 403-04 (2015). "An appellate court is in the same position as the trial court in assessing whether the factual admissions during a plea colloquy satisfy the essential elements of an offense." Id. at 404.

When seeking PCR, a defendant may challenge the adequacy of the factual basis of a guilty plea. Urbina, 221 N.J. at 527. Our decision on this appeal is largely guided by Urbina.

In Urbina, the defendant – a juvenile waived up to adult court – attempted to plead guilty to aggravated manslaughter. But, in the course of his allocution, he asserted that he reached for his firearm only after the victim began to reach for his own. The defendant "just wanted to have [the victim] back up," but his automatic weapon "just went off." Id. at 516. Defense counsel then stated that he had discussed a potential self-defense claim with his client and advised him that it was not "particularly viable." Id. at 517. In response to the prosecutor's request, defendant's plea form was amended to state that he was waiving self-defense. Ibid. Without reviewing the nature of a self-defense claim, or the State's burden to disprove self-defense, the court then asked Urbina, "And you do know . . . by pleading today, you've waived any potential utilization of self-defense, correct?" Ibid. Defendant answered yes, and the court accepted the plea as providing an adequate factual basis. Id. at 517-18. After this court

affirmed the conviction on direct appeal by a divided panel, State v. Urbina, No. A-1761-11 (App. Div. July 19, 2013) (slip op. at 2), the Supreme Court reversed. Urbina, 221 N.J. 509.

In reversing, the Court reaffirmed New Jersey's adherence to the principle that a defendant must provide a comprehensive factual basis for a plea, addressing each element of the offense. Id. at 526-27. "[I]n New Jersey, '[e]ven if a defendant wished to plead guilty to a crime he or she did not commit, he or she may not do so.'" Id. at 527 (quoting State v. Smullen, 118 N.J. 408, 415 (1990)).

"A factual basis may be challenged by a petition for post-conviction relief, as well as by a motion to withdraw a plea, or by direct appeal." Belton, 452 N.J. Super. at 537 (citing Urbina, 221 N.J. at 528). "In short, if a factual basis has not been given to support a guilty plea, the analysis ends and the plea must be vacated." Tate, 220 N.J. at 403-04. As a result, "a challenge to the sufficiency of a factual basis does not implicate the four-part standard under State v. Slater, 198 N.J. 145 (2009)." Belton, 452 N.J. Super. at 537, n.2.

III.

We first address the PCR judge's determination that defendant's insufficient factual basis claim was procedurally barred under Rule 3:22-4.

Other than for enumerated exceptions, Rule 3:22-4 bars a defendant from employing PCR to assert a claim that could have been raised on direct appeal. See State v. Nash, 212 N.J. 518, 546 (2013). However, Rule 3:22-4(a)(2) provides an exception where enforcement of the bar to preclude claims would result in "fundamental injustice." Although there is no bright-line test to determine when this exception applies, the Court has instructed:

> In defining fundamental injustice, the courts will look to whether the judicial system has provided the defendant with fair proceedings leading to a just outcome. 'Fundamental injustice' will be found . . . if inadvertent errors mistakenly impacted a determination of guilt or otherwise 'wrought a miscarriage of justice for the individual defendant.' The standard goes beyond constitutional infringements to any circumstances deemed 'unjust.' Although a petitioner would not have to prove that the issue of concern cost him the case, 'to establish injustice there should at least be some showing that . . . [the alleged violation] played a role in the determination of guilt. . . . To conclude otherwise would exalt form over substance.'
>
> [Mitchell, 126 N.J. at 587 (alterations in original) (citations omitted).]

The defendant must "allege specific facts, which, if believed, would demonstrate the likelihood of injustice by a preponderance of the evidence." Id. at 589.

On appeal, defendant contends the factual basis of his guilty plea did not establish the essential elements of aggravated manslaughter, specifically a

10

probability of death. The State responds that the factual basis presents sufficient circumstances involving a probability of death, particularly given that A.C. was only two years old, and defendant failed to seek medical attention. In light of the limited plea colloquy in this case, we are constrained to agree with defendant. As a result, we must vacate defendant's guilty plea, concluding enforcement of the bar would result in fundamental injustice." R. 3:22-4(a)(2).

The factual basis requirement, among other things, protects a defendant who voluntarily and knowingly pleads, but without recognition that his conduct does not fall within the charge. State ex rel. T.M., 166 N.J. 319, 327 (2001). It also provides a record for appellate review if the plea is later challenged and gives a court the opportunity to evaluate the conditions under which a plea is made. State v. Barboza, 115 N.J. 415, 421 (1989). Because of the constitutional values at stake, "we have been very sensitive to the requirement that there be an adequate factual basis for a plea of criminal guilt." Smullen, 118 N.J. at 414.

"Criminal homicide constitutes aggravated manslaughter when . . . [t]he actor recklessly causes death under circumstances manifesting extreme indifference to human life[.]" N.J.S.A. 2C:11-4(a)(1). For aggravated manslaughter, a defendant acts recklessly when he consciously disregards a substantial and unjustifiable risk of death, State v. Cruz, 163 N.J. 403, 417

11

(2000), i.e., when defendant's actions create "a probability as opposed to the mere possibility that death would occur." State v. Bakka, 176 N.J. 533, 549 (2003) (citing State v. Kotter, 271 N.J. Super. 214, 227 (App. Div. 1994)).

The "law requires that each element of the offense be addressed in the plea colloquy[,]" State v. Campfield, 213 N.J. 218, 231 (2013), though "[t]hat does not mean that a court must follow a prescribed or artificial ritual." T.M., 166 N.J. at 327. This is because "different criminal charges and different defendants require courts to act flexibly to achieve constitutional ends, [and] a factual basis, established . . . through direct admission by the defendant, should be examined in light of all surrounding circumstances and in the context of an entire plea colloquy." Ibid. Nonetheless, "it is essential to elicit from the defendant a comprehensive factual basis, addressing each element of a given offense in substantial detail." Campfield, 213 N.J. at 236.

In this case, the plea colloquy clearly failed to establish the essential elements of aggravated manslaughter. Although defendant admitted causing "significant injuries" to A.C., and those injuries caused A.C.'s death, defendant neither admitted nor acknowledged facts constituting the requisite "extreme indifference" or conscious disregard for a "probability of [A.C.'s] death." See Campfield, 213 N.J. at 231. Defendant's conduct of engaging in "rough play"

with two-year-old A.C., disregarding a risk of injury to her, and failing to seek medical attention after causing her injuries, while inappropriate and reckless, are not circumstances manifesting extreme indifference to A.C.'s life. Defendant's colloquy does not establish a disregard for a risk of death, let alone a probability of death. We note that no injuries were visible at the time of death. Additional information should have been elicited from defendant to assure that the factual basis supported his plea. See State v. Harris, 141 N.J. 525, 545 (1995) (holding that the State must prove beyond a reasonable doubt the elements of the charged offense).

However, as we recognized in Belton,

> an inadequate factual basis does not necessarily entitle a defendant to relief upon a collateral attack of a conviction. "As long as a guilty plea is knowing and voluntary . . . a court's failure to elicit a factual basis for the plea is not necessarily of constitutional dimension and thus does not render illegal a sentence imposed without such basis."
>
> [452 N.J. Super. at 540 (quoting Mitchell, 126 N.J. at 577).]

However, "a contemporaneous claim of innocence alters the legal significance of the lack of factual basis. Ibid. As does other "indicia . . . that the defendant does not understand enough about the natre of the law as it applied to the facts of the case to make a truly voluntary decision on his own." Mitchell, 126 N.J.

at 577.  See also Barboza, 115 N.J. at 415 n.1, ("A guilty plea violates due process and is, thus, constitutionally defective if it is not voluntary and knowing.").

Here, we find significant a hand-written letter dated November 28, 2016 that defendant sent to the judge approximately one week before his guilty plea. In the letter, defendant wrote "the whole incident was an accident," and "[i]f [he] had anything to do with" A.C.'s death, or "[i]f he was the cause," he was sorry.  We note these comments are consistent with the voluntary statement defendant provided the day of A.C.'s death, when he admitted that he engaged in rough housing with A.C. the night before, but qualified his admission, stating, "I didn't even know she was hurt though."  During all the questioning, defendant maintained his position that he did not kick or punch A.C. in anger or do anything to harm her intentionally.  The entire transcript of defendant's guilty plea is less than ten pages, and we have quoted above the entire plea allocution.

Inasmuch as the plea colloquy did not establish that defendant's conduct created "a probability . . . of death," Curtis, 195 N.J. Super. at 364-65, it cannot be said his plea was voluntary and knowing; as a result, it violated due process. Because an adequate factual basis was not elicited from defendant to support a guilty plea to first-degree aggravated manslaughter, "the analysis ends and the

A-3448-18T4

plea must be vacated." <u>Tate</u>, 220 N.J. at 404. Therefore, without the necessity of reaching defendant's remaining arguments, we reverse the denial of PCR and vacate defendant's plea and conviction. <u>Campfield</u>, 213 N.J. at 232 (holding in the absence of an adequate factual basis, "the parties must be restored to their respective positions prior to the guilty plea" (citing <u>Barboza</u>, 115 N.J. at 420)). The matter is remanded to the Law Division for review of defendant's bail status pending further proceedings. The bail review shall be conducted within thirty days of our judgment.

Reversed and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3448-18T4