**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3461-22

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

CATHERINE ALBERT,

     Defendant-Appellant.

_____

Argued September 9, 2024 – Decided September 19, 2024

Before Judges Gooden Brown and Vanek.

On appeal from the Superior Court of New Jersey, Law Division, Middlesex County, Municipal Appeal No. MA-02-2023.

Luke C. Kurzawa argued the cause for appellant (Reisig Criminal Defense & DWI Law, LLC, attorneys; Michael H. Ross, of counsel; Luke C. Kurzawa, on the brief).

Hudson E. Knight, Assistant Prosecutor, argued the cause for respondent (Yolanda Ciccone, Middlesex County Prosecutor, attorney; Hudson E. Knight, of counsel and on the brief).

PER CURIAM

In this appeal from a de novo decision, defendant appeals from the May 31, 2023, Law Division order denying her motion to withdraw her 2015 municipal court guilty plea to driving while intoxicated (DWI), N.J.S.A. 39:4-50. On appeal, defendant raises the following single point for our consideration:

> DEFENDANT'S MOTION TO VACATE HER GUILTY PLEA SHOULD HAVE BEEN GRANTED ON DE NOVO REVIEW PREDICATED UPON THE MUNICIPAL COURT'S FAILURE TO OBTAIN A SUFFICIENT FACTUAL BASIS FOR THE ENTRY OF DEFENDANT'S GUILTY PLEA ON JUNE 23, 2015[,] IN ACCORDANCE WITH [RULE] 7:6-2(A)(1).

We affirm.

By way of background, N.J.S.A. 39:4-50(a) prohibits a person from operating a motor vehicle "while under the influence of intoxicating liquor,"[1] or "with a blood alcohol concentration of 0.08 percent or more . . . ." As such, a

---

[1] "The phrase 'under the influence' means a 'substantial deterioration or diminution of the mental faculties or physical capabilities of a person.'" State v. Cryan, 363 N.J. Super. 442, 455 (App. Div. 2003) (second internal quotation marks added) (quoting State v. Tamburro, 68 N.J. 414, 420-21 (1975)). "In a case involving intoxicating liquor, 'under the influence' means a condition which so affects the judgment or control of a motor vehicle operator 'as to make it improper for [the operator] to drive on the highway.'" Ibid. (quoting State v. Johnson, 42 N.J. 146, 165 (1964)). The signs of alcohol intoxication "are matters of common knowledge and experience." State v. Amelio, 197 N.J. 207, 214 (2008).

DWI violation under N.J.S.A. 39:4-50(a) "is proved through either of two alternative evidential methods:  proof of a defendant's physical condition[, the observational method,] or proof of a defendant's blood alcohol level[, the per se method]." State v. Kashi, 360 N.J. Super. 538, 545 (App. Div. 2003).  "A failure of proof on one aspect is not, by any measure, an acquittal." Ibid.

Similar to Rule 3:9-2, applicable to Superior Court matters, Rule 7:6-2(a)(1) governs the entry of guilty pleas in municipal court, requiring the court to, among other things, determine "by inquiry of the defendant" that "there is a factual basis for the plea."  "The factual basis for a guilty plea can be established by a defendant's explicit admission of guilt or by a defendant's acknowledgment of the underlying facts constituting essential elements of the [offense]." State v. Gregory, 220 N.J. 413, 419 (2015) (citing State v. Campfield, 213 N.J. 218, 231 (2013)).

On April 7, 2015, defendant was operating her motor vehicle in New Brunswick at approximately 3:00 a.m. when she was charged with several motor vehicle violations.  On June 23, 2015, she pled guilty to DWI and was sentenced as a first offender.  See N.J.S.A. 39:4-50(a)(1).  The remaining violations were dismissed.  Over seven years later, defendant moved to vacate her guilty plea on the ground that the factual basis was inadequate.  On January 23, 2023, a

municipal court judge denied her motion, and defendant filed a de novo appeal to the Law Division, which was denied in a May 31, 2023, order.

In his accompanying written opinion, Judge Robert J. Jones found that during her plea allocution, defendant admitted facts that met each of the statutory elements for proving a DWI violation under the observational method. Specifically, the judge recounted:

> [Defendant] admitted operating a motor vehicle and being under the influence of intoxicating liquor[.] She first admitted drinking alcoholic beverages before driving. Second, she told the court how much she had been drinking – four or five glasses of wine and alcoholic ginger beer. She then admitted being under the influence of that alcohol when driving. These admissions, by themselves, cover the statutory elements.
>
> But she went beyond this. She admitted operating her vehicle in an intoxicated state, and she acknowledged how "[t]he alcohol impaired her ability to [drive]." So, while she now contends otherwise, she acknowledged driving "under the influence of intoxicating liquor" – exactly what the statute prohibits.

The judge thus concluded the factual basis was sufficient for the entry of the plea. The judge also expressly rejected defendant's claim that "her plea failed because she never acknowledged her blood-alcohol content" (BAC), as BAC results were not required in an observational case.

4

On appeal, defendant reprises the arguments handily rejected by Judge Jones, arguing the factual basis was insufficient "because the [m]unicipal [c]ourt never elicited an acknowledgement from . . . [d]efendant . . . with regard to the admissibility of the alleged [BAC] results in her matter" and "the actual [BAC] result . . . was never placed on the record during the entry of her guilty plea." She asserts that "stating that she was under the influence of intoxicating liquor [was] not sufficient to satisfy the requirements of [Rule] 7:6-2 in terms of accepting a guilty plea to DWI."

Our standard of review is well settled.

> "The standard of review of a trial court's denial of a motion to vacate a guilty plea for lack of an adequate factual basis is de novo." State v. Tate, 220 N.J. 393, 403-04 (2015); Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995) ("A trial court's interpretation of the law and the legal consequences that flow from established facts are not entitled to any special deference."). Because the trial court is not making determinations such as the credibility of witnesses, which call for deference, it is in no better position than an appellate court to determine whether the factual admissions during a plea colloquy satisfy the essential elements of an offense. See [State v. Barboza, 115 N.J. 415, 422 (1989)] ("The discretion of the trial court in assessing a plea is limited to assuring that the criteria for a valid plea of guilty have been met.").
>
> [Gregory, 220 N.J. at 419-20.]

Applying these principles, we conclude that defendant's arguments are without sufficient merit to warrant discussion in a written opinion, R. 2:11-3(e)(2), and affirm substantially for the reasons expressed by Judge Jones in his thoughtful written decision that thoroughly addresses defendant's claims.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3461-22