**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1016-22

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

ROBERT VAN PELT,

    Defendant-Appellant.

_____

Argued December 13, 2023 – Decided February 6, 2024

Before Judges Firko and Susswein.

On appeal from the Superior Court of New Jersey, Law Division, Burlington County, Municipal Appeal No. 5-22.

Matthew Whalen Reisig argued the cause for appellant (Reisig Criminal Defense & DWI Law, LLC, attorneys; Michael H. Ross, of counsel; Luke C. Kurzawa, on the brief).

Alexis R. Agre, Assistant Prosecutor argued the cause for respondent (LaChia Lyn Bradshaw, Burlington County Prosecutor; Alexis R. Agre, of counsel and on the brief).

PER CURIAM

Defendant Robert Van Pelt appeals from an October 18, 2022 Law Division order denying his motion to vacate the guilty plea to driving while intoxicated (DWI) he entered in Moorestown Municipal Court on December 6, 2017. Defendant contends the municipal court judge did not elicit an adequate factual basis to support the drunk driving conviction. After carefully reviewing the record in light of the governing legal principles, we affirm.

We discern the following facts and procedural history from the record. On September 27, 2017, defendant was stopped for motor vehicle violations and charged with: DWI, N.J.S.A. 39:4-50; reckless driving, N.J.S.A. 39:4-96; careless driving, N.J.S.A. 39:4-97; improper display of license plates, N.J.S.A. 39:3-33; improper lamps or reflectors, N.J.S.A. 39:3-61; consumption of alcohol in a motor vehicle, N.J.S.A. 39:4-51(a); open container of alcohol in a motor vehicle, N.J.S.A. 39:4-51(b); possession of controlled dangerous substance in a motor vehicle, N.J.S.A. 39:4-49.1; possession of marijuana under fifty grams, N.J.S.A. 2C:35-10(a)(4); and possession of drug paraphernalia, N.J.S.A. 2C:36-2.

On December 6, 2017, defendant appeared with his attorney in the Moorestown Municipal Court to enter guilty pleas to the charges of DWI and

2

possession of a marijuana under fifty grams.[1]  Pursuant to a plea agreement with the prosecutor, the remaining charges were dismissed.

The municipal court judge personally addressed defendant to confirm he was knowingly and voluntarily waiving his rights and to establish a factual basis for the guilty plea.  The following exchange occurred during the plea colloquy:

> THE COURT: Okay.  Let me ask you some questions. On September 27th, 2017, were you in North Hanover and while in North Hanover did you have in your possession a certain amount of marijuana that was under [fifty] grams?
>
> DEFENDANT: Yes, your Honor.
>
> THE COURT: And then in addition, on September 27th, 2017, were you operating a vehicle in North Hanover?
>
> DEFENDANT: Yes, [Y]our Honor.
>
> THE COURT: And prior to operating that vehicle, had you consumed any alcohol?
>
> DEFENDANT: Yes.
>
> THE COURT: And what type of alcohol had you consumed?
>
> DEFENDANT: Beer.
>
> THE COURT: And do you know how many beers you had?  Were they—

---

[1]  The marijuana guilty plea conviction is not before us in this appeal.

3

DEFENDANT: Four.

THE COURT: —in glasses or were they cans or were they bottles?

DEFENDANT: They were bottles.

THE COURT: Bottles of beer?

DEFENDANT: Yeah.

THE COURT: But you don't recall how many beers you had?

DEFENDANT: Four.

THE COURT: At least four or—

DEFENDANT: Four.

THE COURT: —just four?

DEFENDANT: Four.

THE COURT: And then after consuming the alcohol, you got into your car and operated it, is that correct?

DEFENDANT: Yes, [Y]our Honor.

THE COURT: Okay. And in looking at the totality of the tickets here, the police officer pulled you over because—

DEFENDANT: For speeding.

THE COURT: —one of more of your lamps that should be illuminating your license plate was not illuminating it properly, as well as speeding, is that correct?

4

A-1016-22

DEFENDANT: Yeah, that's what he pulled me over for.

THE COURT: I'm sorry. What did you say?

DEFENDANT: Yeah, that's what he pulled me over for.

THE COURT: Okay. Do you have any reason to believe that he was untruthful?

DEFENDANT: No.

THE COURT: Okay. And, sir, was anybody in the vehicle with you?

DEFENDANT: No.

THE COURT: And do you agree that the consumption of the alcohol impaired your ability to safely operate your vehicle and that you did exceed the posted speed limit?

DEFENDANT: Yes.

THE COURT: But no accident occurred, correct?

DEFENDANT: No.

THE COURT: Okay. And that's good. All right. And was there a [blood alcohol content (BAC)]?

MUNICIPAL PROSECTUOR: There was, [j]udge, .13. I independently confirmed with an Alcotest calculator it was a true reading. I would submit S-1 [the Alcotest results]—

THE COURT: Thank you.

MUNICIPAL PROSECUTOR: —in evidence.

A-1016-22

THE COURT: Okay. I see that [defense counsel] has initialed this. I'm going to also initial it with today's date. And, Mr. Prosecutor, would you mind initialing this as well, please? So S-1 indicates a .13 percent. You're going to tell the [c]ourt that you only had four beers and you ended up with a .13 percent? That's a high level of alcohol.

DEFENDANT: I haven't eat—I didn't eat at all that day, [Y]our Honor. I just—

THE COURT: Oh, you hadn't eaten that day—

DEFENDANT: I was—I was going—

THE COURT: —you just were drinking?

DEFENDANT: —actually to go and—

THE COURT: Okay. This was only 6:28—no, 10:24 in the evening, and you hadn't eaten all day?

DEFENDANT: No.

THE COURT: Okay. All right. Then that's more credible, I believe.

DEFENDANT: I was—

THE COURT: And you are—what?—six-foot tall?

DEFENDANT: Yeah (inaudible).

THE COURT: And you weigh about—what?—145?

DEFENDANT: Yeah, 150.

6

> THE COURT: Okay. All right. Based upon all the information provided to this [c]ourt, S-1 as well as the testimony of the defendant, I will accept your plea of guilty.

On the marijuana possession conviction, defendant was sentenced to a $300 fine and all applicable court costs and monetary penalties. On the DWI conviction,[2] defendant was sentenced to a $506 fine, $33 in court costs, $125 DWI surcharge, two days in the Intoxicated Driver Resource Center, $75 Safe Neighborhoods penalty, $50 Violent Crimes Compensation Board penalty, a two-year suspension of driving privileges, and a requirement to use an ignition interlock device for three years.

On June 2, 2021—roughly four-and-a-half years after pleading guilty— defendant filed a motion for post-conviction relief (PCR) that was converted into a motion to vacate his DWI guilty plea. Defendant argued his plea was accepted with an insufficient factual basis.

On April 6, 2022, the municipal court judge who took the plea denied defendant's motion, explaining, "the transcript is clear that the elements of the [DWI] charge were testified to by the defendant; that he was a person who

---

[2] This was defendant's third DWI conviction. However, he was sentenced as a second-time DWI offender because more than ten years elapsed between the second and third offenses.

operated a motor vehicle []; and that he had—and he was influenced or had the BAC over the per se limits." The judge continued,

> he did admit to drinking beer. He admitted to a number of beers and not having had anything to eat that day, and the fact that it was already 10:30 at night, so you have a long period of a day where there's just no food being consumed by the defendant. . . .

Additionally, defendant's prior counsel, "who is state-renowned with respect to his D[W]I defense work," did not object to the admission of defendant's BAC reading.

Defendant appealed the municipal court decision to the Law Division, which conducted a de novo review. On October 18, 2022, the Law Division judge denied defendant's motion to vacate the DWI guilty plea, ruling defendant acknowledged the BAC reading by explaining to the municipal court judge that he had not eaten all day. The Law Division judge concluded those "admissions support and acknowledge that [defendant] was aware of his per se violation of what the alcohol level was."

This appeal follows. Defendant raises the following contention for our consideration:

> DEFENDANT'S MOTION TO VACATE HIS GUILTY PLEA SHOULD HAVE BEEN GRANTED

8

ON DE NOVO REVIEW PREDICATED UPON THE MUNICIPAL COURT'S FAILURE TO OBTAIN A SUFFICIENT FACTUAL BASIS FOR THE ENTRY OF DEFENDANT'S GUILTY PLEA ON DECEMBER 6, 2017 IN ACCORDANCE WITH R[ULE] 7:6-2(A)(l).

We begin our analysis by acknowledging the governing legal principles. When a defendant moves to withdraw a guilty plea after sentencing, a court may grant the motion "to correct a manifest injustice." R. 3:21-1; R. 7:6-2(b). In State v. Taccetta, our Supreme Court stressed the judiciary is obligated "to minimize the ultimate miscarriage of justice—the conviction of an innocent person." 200 N.J. 183, 196 (2009). Accordingly, the court rules and case law make clear "at a plea hearing, a judge must be satisfied that the defendant has given a factual account that makes him guilty of the crime." State v. Tate, 220 N.J. 393, 405 (2015) (citing R. 3:9-2). Rule 3:9-2 provides a court shall not accept a guilty plea

> without first questioning the defendant personally, under oath or by affirmation, and determining by inquiry of the defendant and others, in the court's discretion, that there is a factual basis for the plea and that the plea is made voluntarily, not as a result of any threats or of any promises or inducements not disclosed on the record, and with an understanding of the nature of the charge and the consequences of the plea.

9

Furthermore, "[a] factual basis for a plea must include either an admission or the acknowledgment of facts that meet "'the essential elements of the crime.'"" Tate, 220 N.J. at 406 (quoting State in the Int. of T.M., 166 N.J. 319, 333 (2001) (quoting State v. Sainz, 107 N.J. 283, 293 (1987))). This requirement "is to 'protect a defendant who is in the position of pleading voluntarily with an understanding of the nature of the charge but without realizing that his conduct does not actually fall within the charge.'" Ibid. (quoting State v. Barboza, 115 N.J. 415, 421 (1989)). "However, the defendant's admission or acknowledgement may be understood in light of all surrounding circumstances." Sainz, 107 N.J. at 293; see also State v. Mitchell, 126 N.J. 565, 581 (1992) ("In determining whether an adequate factual basis exists, the court may consider the defendant's statements as well as information gleaned from the surrounding circumstances.").

"'The standard of review of a trial court's denial of a motion to vacate a plea for lack of an adequate factual basis is de novo.'" State v. Urbina, 221 N.J. 509, 528 (2015) (quoting Tate, 220 N.J. at 404). "An appellate court is in the same position as the trial court in assessing whether the factual admissions during a plea colloquy satisfy the essential elements of an offense." Tate, 220 N.J. at 404. As a general matter, a motion to withdraw a guilty plea is governed

by a four-prong test announced in State v. Slater, 198 N.J. 145, 157-58 (2009). However, "when the issue is solely whether an adequate factual basis supports a guilty plea, a Slater analysis is unnecessary." Tate, 220 N.J. at 404.

N.J.S.A. 39:4-50(a) defines a DWI offender as "[a] person who operates a motor vehicle while under the influence of intoxicating liquor . . . or operates a motor vehicle with a blood alcohol concentration of 0.08% or more by weight of alcohol in the defendant's blood. . . ." The DWI offense can be proved by two methods: proof of the defendant's physical condition and performance during balance and other sobriety tests (the observational method) or quantitative proof of the defendant's BAC established by blood or breath testing (the per se method). See State v. Kashi, 360 N.J. Super. 538, 545 (App. Div. 2003).

We next apply the legal principles to the present facts, applying a de novo standard of review. Defendant argues the municipal court relied on his admission that "the consumption of the alcohol 'impaired [his] ability to safely operate [his] vehicle,'" but because "impairment" is not a DWI element, that admission was insufficient to support a factual basis for his DWI guilty plea. We disagree. For one thing, defendant's admission of impairment was not the sole circumstance used to establish a factual basis for the guilty plea. That admission must be read in conjunction with defendant's acknowledgements

11

regarding the BAC evidence admitted into evidence without objection. It is the combination of defendant's admission of impairment and his acknowledgement of the BAC reading that leads us to conclude the municipal court elicited an adequate factual basis for defendant's guilty plea.

Specifically, during the plea colloquy, defendant confirmed he drank four bottles of beer before driving his car. Immediately after the BAC reading was submitted to the municipal court as S-1, the judge asked defendant: "[y]ou're going to tell the [c]ourt that you only had four beers and ended up with a .13 percent? That's a high level of alcohol." Defendant did not dispute the high BAC reading introduced into evidence, but rather responded, "I didn't eat at all that day."

We do not hesitate to conclude that by explaining why his BAC reading was so high, defendant not only acknowledged his awareness of the State's BAC evidence but also acknowledged the truth and accuracy of that evidence for purposes of establishing a factual basis for his guilty plea. See Sainz, 107 N.J. at 293 (stressing a defendant's "admission or acknowledgement may be understood in light of all surrounding circumstances"); Mitchell, 126 N.J. at 581-82 (a court may consider a defendant's statements in determining whether an adequate factual basis exists). We thus conclude defendant's answers to the

municipal court judge's questions during the plea colloquy, viewed collectively and in context, constitute an adequate acknowledgment of the facts needed to prove the essential elements of the DWI offense, thereby satisfying the requirements set forth in Tate, 220 N.J. at 406, and Rule 3:9-2. Certainly, this is not a situation where defendant understood the nature of the charge without "realizing that his conduct does not actually fall within the charge.'" Tate, 220 N.J. at 406.

In sum, we conclude defendant pled guilty to DWI because he was indeed guilty of that offense. There is no manifest injustice here requiring reversal and thus no basis to vacate defendant's knowing and voluntary guilty plea. R. 3:21-1; R. 7:6-2(b).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1016-22