693 A.2d 1195

STATE OF NEW JERSEY, PLAINTIFF–RESPONDENT,
v. JOSE PENA, DEFENDANT–APPELLANT.

Superior Court of New Jersey
Appellate Division

Submitted April 14, 1997—Decided May 22, 1997.

Before Judges HAVEY, EICHEN and COSTELLO.

*Paul S. London,* attorney for appellant (*Daniel N. Shapiro,* of counsel and on the brief).

*Peter Verniero,* Attorney General of New Jersey, attorney for respondent (*Arthur S. Safir,* Deputy Attorney General, of counsel and on the letter brief).

The opinion of the court was delivered by

COSTELLO, J.S.C. (temporarily assigned).

Defendant Jose Pena appeals from an order denying his motion to vacate his guilty plea. We find that defendant did not give an adequate factual basis during his plea allocution. We reverse and remand.

Defendant was arrested at Newark Airport by the Port Authority Police. Acting on a tip, they stopped defendant and obtained his consent to search his suitcase. The suitcase contained thirty-three and one-half pounds of cocaine. Defendant was arrested and indicted for third degree possession of a controlled dangerous substance, *N.J.S.A.* 2C:35–10a(1) (count one), and first degree possession of a controlled dangerous substance with intent to distribute, *N.J.S.A.* 2C:35–5a(1) (count two).

At a plea conference, the trial court satisfied itself that defendant understood the terms of a proposed plea agreement and the sentencing consequences if he were to go to trial and be convicted. At the end of the court's explanation of the potential consequences, the following exchange occurred:

The Court: With that being the case, my question, my question to you, Mr. Pena, quite simply is, is it your desire to accept or reject the State's plea agreement?

The Defendant: Tell him [1] I do not refuse to sign plea of guilty because I find it's a need. I see myself in the situation of taking that offer. My point right now is I've always told my defense attorney, from the first moment, that I am innocent of the charges. Because I was lied to, they fool me, making me believe it was one thing and it was another.

The Court: I don't want to get into the facts of the case. Anything you say on the facts of the case could be used against you. My only question is asking simply for

---

[1] Defendant was addressing the court through a Spanish interpreter.

a yes or no answer, do you want to accept or reject the plea agreement, the plea offer?

The Defendant: Even if I claim to be guilty I know I'm innocent. God knows I'm innocent.

Ms. Rodriguez: May we approach, your Honor?

The Court: Yes.

The Defendant: Your Honor, the offer was first 15–5, then 12–4. Judge, your Honor, I don't know what to do, because no matter what, I'm innocent. If I go to trial I know I'm going to lose it because anyway in this country's law—

The court then agreed to allow defendant until 1:30 p.m. to think about the offer.

At that time, defendant entered a plea of guilty to count two of the indictment in exchange for a sentence recommendation of fifteen years with a five year parole ineligibility term. The trial court again satisfied itself that defendant understood the terms of the plea agreement. It explored defendant's understanding of the consequences of the plea. The defense attorney then elicited the following factual basis:

Mr. Fitzsimmons: Mr. Pena, I'd like to draw your attention to the date of August 26 of 1995. On that date were you in the City of Newark?

The Defendant: Yes.

Mr. Fitzsimmons: Specifically were you in Newark Airport?

The Defendant: Yes.

Mr. Fitzsimmons: And on that date did you have under your control and possession a maroon suitcase?

The Defendant: Yes. I had the suitcase, yes.

Mr. Fitzsimmons: And in that suitcase was there located a quantity of cocaine?

The Defendant: According to the police's version there was cocaine inside.

Mr. Fitzsimmons: Did you come to find out that there was, in fact, cocaine in the suitcase that you had under your control?

The Defendant: No.

Mr. Fitzsimmons: Mr. Pena, did you later find out that there was, in fact, cocaine in the maroon suitcase that you had under your possession?

The Defendant: Yes, sir.

Mr. Fitzsimmons: And was it your intent to distribute that cocaine that was in the suitcase?

The Defendant: Yes.

The court then accepted the plea, finding an adequate factual basis. It subsequently sentenced defendant in accordance with the plea agreement to fifteen years in prison, with a five year period of parole ineligibility.

After sentencing, defendant moved to vacate his plea. The court denied the motion, stating:

> As far as the court is concerned with any plea and as far as a withdrawal, one of the grounds not to allow one to be withdrawn, particularly after sentence is some type of a sudden claim of innocence on the part of the defendant. If that were the case, I think our prisons would be devoid of anybody whoever entered a guilty plea.

*R.* 3:9-2 requires that the court elicit a factual basis from the defendant at the time of the plea. The factual basis should contain all elements of the crime to which the defendant is pleading guilty. *State v. Sainz*, 107 *N.J.* 283, 293, 526 *A.*2d 1015 (1987). The fact that a plea is the result of a negotiated agreement does not obviate the need to ensure that there is an adequate factual basis on the record. *State v. Butler*, 89 *N.J.* 220, 224–25, 445 *A.*2d 399 (1982).

The requirement is more than a mere formality:

> Suffice it to say that we have been very sensitive to the requirement that there be an adequate factual basis for a plea of criminal guilt. After all, a guilty plea is the final relinquishment of the most cherished right—to be presumed innocent of crime until a jury of one's peers has determined guilt beyond a reasonable doubt.
> [*State v. Smullen*, 118 *N.J.* 408, 414, 571 *A.*2d 1305 (1990)].

*R.* 3:9-2 is grounded in the concern that a defendant's plea of guilty, with its aura of finality, be entered with a full understanding by the defendant that his actions were in violation of the law. "In particular, it is designed to 'protect a defendant who is in the position of pleading voluntarily with an understanding of the nature of the charge but without realizing that his conduct does not actually fall within the charge.'" *State v. Barboza*, 115 *N.J.* 415, 421, 558 *A.*2d 1303 (1989) (quoting *Fed. R.Crim.P.* 11(f) advisory committee note (1966 amendment)).

Defendant never admitted or acknowledged that he knew the suitcase contained cocaine when he possessed it. Possession, as used in our criminal statutes, signifies "a knowing, intentional control of a designated thing, accompanied by a knowledge of its character. Thus, the person must know or be aware that he possesses the item, ... and he must know what it is that he possesses or controls...." *State v. Montesano*, 298 *N.J.Super.*

597, 612, 689 A.2d 1373 (App.Div.1997). Although defendant admitted to possessing the suitcase, he denied knowing it contained cocaine until after the police opened it. While the circumstantial proofs here may well be enough to secure a conviction at trial, the factual basis is insufficient to support a plea of guilty. *See State v. Davis,* 116 *N.J.* 341, 371, 561 A.2d 1082 (1989).

We recognize that the requirement to take a factual basis is not absolute. Every alleged deficiency in the taking of a factual basis does not constitute reversible error. Only in those instances where the failure rises to constitutional dimensions is the sentence rendered illegal. *State v. Mitchell,* 126 *N.J.* 565, 577, 601 A.2d 198 (1992). "A factual basis is constitutionally required only when there are indicia, *such as a contemporaneous claim of innocence,* that the defendant does not understand enough about the nature of the law as it applies to the facts of the case to make a truly 'voluntary' decision on his own." *Ibid.* (emphasis added). *See also State v. D.D.M.,* 140 *N.J.* 83, 96, 657 A.2d 837 (1995), where the court held that since defendant had expressed satisfaction with his lawyer and an understanding of the charges, and had a prior similar conviction (all factors present here), the conviction would not be overturned even though it was based on an inadequate factual basis. However, *D.D.M.* is distinguishable from this case. In *D.D.M.* the court noted that the defendant did not make a contemporaneous claim of innocence. *Ibid.* Here, defendant made such a claim. He told the court in the morning that he was innocent, and that he had been deceived about the contents of the bag. That same afternoon he advised the court that he did not know what was in the bag until a later point in time, referring to after the police had opened it. The court incorrectly characterized defendant's claim of innocence at the motion to retract the plea as "sudden". Defendant maintained his innocence throughout the case.

The fact that the assistant prosecutor noted at the plea that defendant acknowledged at the time of his arrest that he had packed the suitcase himself does not cure the defect. While the court can look to sources beyond the transcript of the plea to

evaluate a belated claim of innocence, *Smullen, supra,* 118 *N.J.* at 418, 571 *A.*2d 1305, or to properly weigh aggravating and mitigating factors, *Sainz, supra,* 107 *N.J.* at 293, 526 *A.*2d 1015, in this situation the sufficiency of the factual basis must stand alone. "In New Jersey, except in capital cases, the trial court must be 'satisfied from the lips of the defendant that he committed the acts which constitute the crime'," *Barboza, supra,* 115 *N.J.* at 422, 558 *A.*2d 1303, (quoting *State v. Stefanelli,* 78 *N.J.* 418, 439, 396 *A.*2d 1105 (1979)). Since this plea lacked an adequate factual basis, the conviction must be vacated and both the State and defendant must be restored to their pre-plea posture [2].

Reversed and remanded to the trial court for proceedings not inconsistent with this opinion.

---

[2] We therefore need not address the trial court's failure to advise the defendant of the possible collateral penal consequences of his plea. This decision renders the defendant's claim of ineffective assistance of counsel moot.