**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1857-22

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

KATHLEEN GANSER,

    Defendant-Appellant.

_____

Submitted March 13, 2024 – Decided April 9, 2024

Before Judges Accurso and Vernoia.

On appeal from the Superior Court of New Jersey, Law Division, Atlantic County, Municipal Appeal No. 7-21.

Levow Dwi Law, PC, attorneys for appellant (Evan M. Levow, of counsel and on the brief; Keith G. Napolitano, Jr., on the brief).

William Reynolds, Atlantic County Prosecutor, attorney for respondent (Matthew T. Mills, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Kathleen Ganser appeals from a Law Division order entered after a de novo review of the Atlantic City Municipal Court's denial of a post-conviction relief (PCR) petition challenging her 2005 conviction for driving while intoxicated (DWI). We affirm the court's order denying the petition because it was untimely filed under Rule 7:10-2(b)(2) and is otherwise barred under Rule 7:10-2(d).

I.

In November 2004, defendant was charged with DWI, N.J.S.A. 39:4-50, and DWI in a school zone, N.J.S.A. 39:4-50(g), and other motor vehicle offenses. On January 26, 2005, defendant appeared with counsel in the Atlantic City Municipal Court and pleaded guilty to DWI and DWI in a school zone.

During the plea proceeding, the court questioned defendant about her decision to plead guilty and the facts supporting her plea. Defendant testified she had discussed the matter with her counsel and was satisfied with his services. Defendant admitted operating a motor vehicle on November 12, 2004 in a school zone in Atlantic City after drinking two cans of beer. Defendant further acknowledged she operated the motor vehicle while "under the influence of those beers." Based on defendant's testimony, the court found she had

2

voluntarily entered the plea and the plea was supported by an adequate factual basis.

Following its acceptance of defendant's plea, the court dismissed two charges against defendant for "disregard of a red signal," as well as charges for refusal to take a chemical breath test, careless driving, reckless driving, and failure to produce an insurance card. The court merged the DWI-in-a-school-zone charge with defendant's DWI conviction for purposes of sentencing.

Defendant's counsel addressed the court concerning defendant's sentence, acknowledging defendant had pleaded guilty to her third DWI offense and requesting the court "to be as lenient as possible within the confines of the statute." The State noted defendant's conviction was for a third DWI offense and asserted the court should consider that fact in its assessment of risk defendant poses to public safety.

The court sentenced defendant as a third-time offender to a ten-year loss of her driver's license and 180 days in jail. The court also imposed mandatory fines and penalties. Defendant's appeal from her conviction was rejected after a de novo review by the Law Division.

Later in 2005, plaintiff filed her first PCR petition claiming she was entitled to resentencing because one of her prior DWI convictions, which had

supported defendant's sentence as a third-time offender, had been vacated. The Law Division entered a May 18, 2005 order granting the PCR petition and remanding defendant's DWI conviction to the Atlantic City Municipal Court for resentencing.

More than sixteen years later, in 2021, defendant filed her second PCR petition with the Atlantic City Municipal Court. Defendant sought vacatur of her 2005 DWI conviction, arguing she had entered her plea to the offense without knowledge of "her constitutional rights" and without providing "a proper factual basis" for the offense.

Defendant further claimed she timely filed the petition. More particularly, she asserted the five-year limit for filing a PCR petition under Rule 7:10-2(b)(2) was inapplicable because she sought relief under Rule 7:10-2(b)(1) from an illegal sentence. She also averred the petition was timely even if it had been filed beyond the five-year time limit because she demonstrated excusable neglect for not filing it within the time limit. See R. 7:10-2(b). She claimed there was excusable neglect for the late filing because "she was not advised she had defenses to the DWI" and she had not been "properly advised of her constitutional rights" until she had "obtained counsel in this matter." In an October 21, 2021 order, the municipal court denied defendant's PCR petition.

Defendant appealed to the Law Division, which heard argument and issued a written decision and order finding the petition deficient because defendant had failed to provide the records of the proceedings from her appeal of the 2005 DWI conviction as required under Rule 7:10-2(f)(2)(C). The court also determined defendant's sentence for the 2005 conviction was not illegal and, as a result, the petition was untimely under Rule 7:10-2(b)(2) because it was filed more than five years after her conviction and she failed to demonstrate excusable neglect for the late filing.

This appeal followed. On appeal, defendant offers the following arguments for our consideration:

> POINT I
>
> IT WOULD BE A MANIFEST INJUSTICE TO DENY [DEFENDANT]'S PETITION FOR RELIEF BY REQUIRING THE PRODUCTION OF DOCUMENTS WHICH DO NOT EXIST.
>
> POINT II
>
> THE PETITION FOR POST[-]CONVICTION RELIEF IS NOT TIME-BARRED BECAUSE THE PLEA WAS ILLEGAL.

## II.

Our scope of review is limited to whether the findings of the Law Division judge "could reasonably have been reached on sufficient credible evidence

5

present in the record." State v. Johnson, 42 N.J. 146, 162 (1964). We review the Law Division's legal conclusions de novo, without affording any special deference to the "trial court's interpretation of the law and the legal consequences that flow from established facts." Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995). Thus, "[t]he standard of review of a trial court's denial of a motion to vacate a guilty plea for lack of an adequate factual basis is de novo." State v. Tate, 220 N.J. 393, 403-04 (2015).

Defendant argues the court erred by finding her petition was untimely because Rule 7:10-2(b)(1) provides that "[a] petition to correct an illegal sentence may be filed at any time." Defendant contends the sentence for the 2005 DWI conviction is illegal because she did not provide an adequate factual basis for the plea. She claims the factual basis for her plea was inadequate because although she testified she was "under the influence of" alcohol while operating a motor vehicle, she had not testified she suffered from "a substantial deterioration or diminution of [her] mental faculties or physical capabilities" as a result of being under the influence.

In a prosecution for DWI, the State has the burden of proving the defendant was "under the influence" of a substance identified in the statute while operating a motor vehicle. State v. Olenowski, 255 N.J. 529, 549 (2023). Thus,

6

being "under the influence," as that term has been defined under N.J.S.A. 39:4-50, is an essential element of a DWI offense. "'[G]enerally speaking,' '[t]he language "under the influence" used in [N.J.S.A. 39:4-50] . . . means a substantial deterioration or diminution of the mental faculties or physical capabilities of a person whether it be due to intoxicating liquor, narcotic, hallucinogenic or habit-producing drugs.'" Id. at 548-49 (first alteration added) (quoting State v. Tamburro, 68 N.J. 414, 420-21 (1975)); see also State v. Bealor, 187 N.J. 574, 589 (2006) (quoting Tamburro, 68 N.J. at 421) (noting "under the influence" under N.J.S.A. 39:4-50 has been defined as "a condition which so affects the judgment or control of a motor vehicle operator as to make it improper for [her] to drive on the highway").

Rule 7:6-2(a)(1) provides in part that a municipal court "shall not . . . accept a plea without first . . . determining . . . there is a factual basis for the plea." See also Maida v. Kuskin, 221 N.J. 112, 123 (2015). "A factual basis for a plea must include either an admission or the acknowledgement of facts that meet 'the essential elements of the'" offense. Tate, 220 N.J. at 406 (quoting State ex. rel. T.M., 166 N.J. 319, 333 (2001)); see also State v. Sainz, 107 N.J. 283, 293 (1987) ("The factual basis for a guilty plea must obviously include

defendant's admission of guilt of the crime or the acknowledgement of facts constituting the essential elements of the crime.").

The "principal purpose" of the requirement that a defendant provide a factual basis for a plea "is to 'protect a defendant who is in the position of pleading voluntarily with an understanding of the nature of the charge but without realizing that [her] conduct does not actually fall within the charge.'" Tate, 220 N.J. at 406 (quoting State v. Barboza, 115 N.J. 415, 421 (1989)).  In determining if there was an adequate factual basis, courts may consider "'all surrounding circumstances[,]'" id. at 408 (quoting Barboza, 115 N.J. at 422; Sainz, 107 N.J. at 293), as established by "the actual facts, spoken or acknowledged, at the plea colloquy[,]" ibid.

The State does not challenge defendant's claim there was an inadequate factual basis for her plea of guilty to DWI.  That is, the State does not argue defendant's admissions during the plea proceeding that she consumed two beers and operated her vehicle while "under the influence" established a sufficient factual basis for a DWI conviction under Rule 7:6-2(a)(1) and N.J.S.A. 39:4-50. We therefore do not address or decide that issue.  See Arsenis v. Borough of Bernardsville, 476 N.J. Super. 195, 204 n.3 (App. Div. 2023) (finding appellate

review is limited to the contentions that are supported by arguments in the parties' briefs).

The State instead argues that even if the factual basis presented in support of the plea was insufficient, the court correctly denied the PCR petition as untimely under Rule 7:10-2(b)(2). The State argues the petition was untimely under the Rule because it was filed more than five years after defendant's 2005 DWI conviction. Defendant claims the five-year time limit for the filing of a PCR petition under Rule 7:10-2(b)(2) is inapplicable because the lack of an adequate factual basis for her plea rendered her sentence illegal and Rule 7:10-2(b)(1) provides that "[a] petition to correct an illegal sentence may be filed at any time."

We reject defendant's claim because it is based on the inaccurate premise that her sentence for the 2005 conviction is illegal because she did not provide an adequate factual basis for her plea. Defendant ignores that not every deficiency in the taking of a factual basis for a plea renders the resulting sentence illegal. State v. D.D.M., 140 N.J. 83, 95 (1995).

"[A]n inadequate factual basis does not necessarily entitle a defendant to relief upon a collateral attack of a conviction." State v. Belton, 452 N.J. Super. 528, 540 (App. Div. 2017). It is only under "extraordinary circumstances" that

"a court's improper acceptance of a guilty plea may constitute an illegal sentence" for purposes of its determination of the timeliness of a PCR petition. State v. Mitchell, 126 N.J. 565, 577 (1992); D.D.M., 140 N.J. at 95. Thus, "[f]or a guilty plea to be illegal in that sense, . . . its acceptance must implicate constitutional issues." Mitchell, 126 N.J. at 577.

It is only where the failure to obtain an adequate factual basis "rises to constitutional dimensions" that the resulting "sentence [is] rendered illegal." State v. Pena, 301 N.J. Super. 158, 163 (App. Div. 1997) (citing Mitchell, 126 N.J. at 577); see also D.D.M., 140 N.J. at 96. A factual basis for a plea "is constitutionally required . . . when there are indicia, such as a contemporaneous claim of innocence, that the defendant does not understand enough about the nature of the law as it applies to the facts of the case to make a truly 'voluntary' decision on [her] own." Belton, 452 N.J. Super. at 540-41 (quoting McCarthy v. United States, 394 U.S. 459, 467 (1969)); see also Barboza, 115 N.J. at 421 n.1 (explaining "[a] factual basis is not constitutionally required unless the defendant accompanies the plea with a claim of innocence").

The record presented in support of defendant's PCR petition does not include a claim of innocence contemporaneous to her 2005 plea or otherwise. To the contrary, the record shows defendant pleaded guilty in 2005 to DWI for

the third time while represented by counsel whom she testified provided services with which she was satisfied. Indeed, defendant's PCR petition does not assert a claim plea counsel was ineffective by failing to fully apprise her of the consequences of her plea or "the nature of the law as it applie[d] to the facts of [her] case." Belton, 452 N.J. Super. at 541.

Under the circumstances presented, the purported lack of an adequate factual basis for defendant's plea was not of constitutional significance and did not result in an illegal sentence. See, e.g., D.D.M., 140 N.J. at 95-96 (finding "the trial court's failure to spell out the factual basis of [the] defendant's plea did not, under the circumstances, constitute an improper acceptance of the plea" such that the defendant's sentence was illegal). The Law Division therefore correctly rejected defendant's claim her petition could be filed at any time under Rule 7:10-2(b)(1) because she sought PCR from an illegal sentence. Defendant's sentence was not illegal and, as a result, defendant was required to file her PCR petition within the five-year time limit set forth in Rule 7:10-2(b)(2). As the Law Division correctly determined, defendant's failure to do so required the denial of her PCR petition as untimely.

We also find no support in the record supporting defendant's conclusory assertion there was excusable neglect for the sixteen-year delay in filing her

11

2021 PCR petition. The five-year time bar under the Rules governing the filing of PCR petitions "should be relaxed only 'under exceptional circumstances' because '[a]s time passes, justice becomes more elusive and the necessity for preserving finality and certainty of judgments increases.'" State v. Goodwin, 173 N.J. 583, 594 (2002) (alteration in original) (quoting State v. Afanador, 151 N.J. 41, 52 (1997)).

In determining whether excusable neglect justifies relaxation of the time bar for PCR petitions set forth in Rule 3:22-12(a)(2), we "'consider the extent and cause of the delay, the prejudice to the State, and the importance of the petitioner's claim in determining whether there has been an "injustice" sufficient to relax the time limits.'" State v. Norman, 405 N.J. Super. 149, 159 (App. Div. 2009) (quoting Afanador, 151 N.J. at 52). More than "a plausible explanation for [the defendant's] failure to file a timely PCR petition" is required. Ibid. We apply the same standards for determining the timeliness of a PCR petition under Rule 7:10-2(b)(2). See, e.g., State v. Weil, 421 N.J. Super. 121, 128-29 (App. Div. 2011).

Defendant argues there was excusable neglect for her long delay in filing the 2021 petition because she was unaware of the purported inadequacy of her 2005 plea until she "obtained counsel in this matter." That conclusory claim is

12

insufficient to establish excusable neglect such that it permits the filing of her petition eleven years beyond the time permitted under Rule 7:10-2(b)(2). It is well established that a defendant's ignorance of the law and applicable rules does not constitute excusable neglect for the belated filing of a PCR petition, State v. Merola, 365 N.J. Super. 203, 218 (L. Div. 2002), aff'd o.b., 365 N.J. Super. 82 (App. Div. 2003), and ignorance of the law is all that defendant claims here.

We also affirm the denial of defendant's petition because it is barred under Rule 7:10-2(d). The Rule provides in part that a "defendant is barred from asserting" in a PCR petition challenging a municipal court conviction "any grounds for relief not raised in a prior" PCR petition filed under Rule 7:10-2 unless the court finds: "the grounds for relief not previously asserted could not reasonably have been raised in any prior proceeding"; "enforcement of the bar would result in fundamental injustice"; or "denial of relief would be contrary to the Constitution of the United States or of New Jersey." R. 7:10-2(d)(1)(A)-(C).

Defendant filed a prior PCR petition in 2005, seeking relief from her sentence as a third-time DWI offender because she had obtained vacatur of one of her prior convictions. Thus, defendant is barred from asserting in her 2021 PCR petition any grounds for relief she could have asserted in her 2005 PCR petition unless her 2021 claims fell within the one of the three exceptions to the

13

bar under Rule 7:10-2(d)(1). Defendant did not offer any facts in her PCR petition supporting an application of any of the Rule's exceptions, and we otherwise find none in the record presented to the Law Division. We therefore find defendant's 2021 petition is also barred under Rule 7:10-2(d) because the claim supporting her 2021 petition could have, and should have, been timely asserted in her 2005 petition.

Because we affirm the Law Division's order based on our determination defendant's petition was untimely filed under Rule 7:10-2(b)(2), and otherwise barred under Rule 7:10-2(d), it is unnecessary to address or decide defendant's claim the court erred by denying the petition because defendant failed to include the records from her 2005 appeal from her sentence to the Law Division as required under Rule 7:10-2(f)(2)(C). To the extent we have not expressly addressed any of defendant's remaining arguments, we have fully considered them and determined they are without sufficient merit to warrant further discussion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1857-22