**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1786-22

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

HEMAL DHEBARIYA, a/k/a
HEMAL D. DHEBARIYA,

    Defendant-Appellant.

_____

Argued April 16, 2024 – Decided May 3, 2024

Before Judges Gooden Brown and Bergman.

On appeal from the Superior Court of New Jersey, Law Division, Middlesex County, Municipal Appeal No. 15-2022.

Christina Vassiliou Harvey argued the cause for appellant (Lomurro Munson, LLC, attorneys; Peter Lederman, of counsel; Christina Vassiliou Harvey, of counsel and on the briefs).

Hudson E. Knight, Assistant Prosecutor, argued the cause for respondent (Yolanda Ciccone, Middlesex

County Prosecutor, attorney; Hudson E. Knight, of counsel and on the brief).

PER CURIAM

Defendant Hemel Dhebariya appeals from a Law Division order entered after a de novo review of the Sayreville Municipal Court's denial of a post-conviction relief (PCR) petition challenging his 2014 conviction for driving while intoxicated (DWI). We affirm the court's order denying the petition as untimely under Rule 7:10-2(b)(2).

I.

Defendant was cited for driving while intoxicated in Sayreville on March 22, 2014. On June 10, 2014, defendant appeared before a municipal court judge and entered a plea of guilty. The municipal court judge posed questions to defendant, some of which were answered by his attorney. Defendant was asked, "[y]ou understand by pleading guilty to the charge of driving while intoxicated you are waiving your right to remain silent, waiving your right to a trial?" to which he answered, "Yes." However, when asked if he was "admitting that on March 22[,] 2014[,] [he] w[as] driving while intoxicated in Sayreville?" the transcript indicated defendant's attorney answered the question in the affirmative. Thereafter, the court asked, "[t]hat was after you consumed intoxicating beverage[s] which affected your driving? Is that correct?" to which

the transcript indicated "no audible response."  At that point, the municipal court judge asked if defendant had any arguments concerning sentencing, referenced the fact that there was a problem with the reliability of the Alcotest reading, and imposed defendant's sentence after entering a finding of guilty.

On December 8, 2021, over seven and one-half years after the guilty plea was entered, defendant filed a motion with the municipal court for PCR to vacate his plea.  In his verified petition, defendant argued his plea should be vacated because it did not meet the requirements of Rule 7:6-2, which provides that a valid plea must include a factual basis, a knowing waiver of rights, and acknowledgement that consequences of the plea are understood.  See R. 7:6-2(a)(1).  Since the municipal court did not receive sufficient answers from defendant concerning these requirements, defendant argues his guilty plea should be vacated.

The motion was heard on July 28, 2022, by a different municipal court judge from the judge who took the original plea in 2014.  The parties do not dispute that the municipal court judge who heard the motion:  (1) incorrectly found that he was the judge that accepted the plea in 2014; and (2) found that he would never have accepted a guilty plea unless he received an answer in the affirmative to his question about defendant's driving being affected by intoxicating beverages.  The municipal court denied the motion on this basis.

A-1786-22

Defendant filed an appeal of the municipal court order to the Law Division. In the appeal, defendant reiterated the arguments he made before the municipal court but also asserted an additional argument claiming an illegal sentence was rendered by the municipal court in 2014. In turn, the State asserted that defendant was time-barred from his PCR claim and nonetheless failed to sufficiently allege that his plea was involuntary.

By order dated January 6, 2023, the trial judge denied defendant's petition for reasons stated in an accompanying written opinion. The judge found that the motion to vacate was untimely, as it was filed more than five years after the plea was entered and excusable neglect was not demonstrated. The judge also rejected defendant's argument that the sentence imposed was an illegal sentence under Rule 7:10-2(b)(1) which would have made the five-year filing requirement for PCR inapplicable.

## II.

In his appeal, defendant argues the judge erred by finding his petition was untimely because Rule 7:10-2(b)(1) provides that "[a] petition to correct an illegal sentence may be filed at any time." Defendant contends the sentence for the 2014 DWI conviction is illegal because he did not provide an adequate factual basis for the plea. Defendant claims the factual basis for his plea was inadequate because his attorney answered "yes" to the court's question whether

he was voluntarily pleading guilty and because there was no audible response to the court's question that he drove "after [he] consumed intoxicating beverage[s] which affected [his] driving?" as shown on the hearing transcript.

In its opposition, the State admittedly has not seriously challenged defendant's claim there was an inadequate factual basis for his plea of guilty to DWI.  That is, the State does not argue defendant's limited testimony during the plea proceeding established a sufficient factual basis for a DWI conviction under Rule 7:6-2(a)(1) and N.J.S.A. 39:4-50.  Regardless, the State argues that even if an appropriate factual basis was not taken, the record does not demonstrate defendant was given an illegal sentence and therefore his petition was untimely.

III.

Our scope of review is limited to whether the factual findings of the Law Division judge "could reasonably have been reached on sufficient credible evidence present in the record."  State v. Johnson, 42 N.J. 146, 162 (1964).  We review the Law Division's legal conclusions de novo, without affording any special deference to the "trial court's interpretation of the law and the legal consequences that flow from established facts."  Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995).  Thus, "[t]he standard of review of a trial court's denial of a motion to vacate a guilty plea for lack of an adequate factual basis is de novo."  State v. Tate, 220 N.J. 393, 403-04 (2015).

Rule 7:6-2(a)(1) provides in part that a municipal court "shall not . . . accept a guilty plea without first . . . determining . . . there is a factual basis for the plea." See also Maida v. Kuskin, 221 N.J. 112, 123 (2015) (quoting R. 7:6-2(a)(1)). "A factual basis for a plea must include either an admission or the acknowledgement of facts that meet '"the essential elements of the [offense]."'" Tate, 220 N.J. at 406 (quoting State ex. rel. T.M., 166 N.J. 319, 333 (2001)).

The "principal purpose" of requiring a defendant to provide a factual basis for a plea "is to 'protect a defendant who is in the position of pleading voluntarily with an understanding of the nature of the charge but without realizing that his conduct does not actually fall within the charge.'" Ibid. (quoting State v. Barboza, 115 N.J. 415, 421 (1989)). In determining if there was an adequate factual basis, courts may consider "'all surrounding circumstances,'" as established by "the actual facts, spoken or acknowledged, at the plea colloquy." Id. at 408 (quoting Barboza, 115 N.J. at 422; State v. Sainz, 107 N.J. 283, 293 (1987)).

"[A]n inadequate factual basis does not necessarily entitle a defendant to relief upon a collateral attack of a conviction." State v. Belton, 452 N.J. Super. 528, 540 (App. Div. 2017). It is only under "extraordinary circumstances" that "a court's improper acceptance of a guilty plea may constitute an illegal sentence" for purposes of its determination of the timeliness of a PCR petition.

6                                                    A-1786-22

State v. Mitchell, 126 N.J. 565, 577 (1992); see State v. D.D.M., 140 N.J. 83, 95 (1995). Thus, "[f]or a guilty plea to be illegal in that sense, . . . its acceptance must implicate constitutional issues." Mitchell, 126 N.J. at 577.

It is only where the failure to obtain an adequate factual basis "rises to constitutional dimensions" that the resulting "sentence [is] rendered illegal." State v. Pena, 301 N.J. Super. 158, 163 (App. Div. 1997) (citing Mitchell, 126 N.J. at 577); see also D.D.M., 140 N.J. at 95-96. A factual basis for a plea "is constitutionally required . . . when there are indicia, such as a contemporaneous claim of innocence, that the defendant does not understand enough about the nature of the law as it applies to the facts of the case to make a truly 'voluntary' decision on his own." Belton, 452 N.J. Super. at 540-41 (omission in original) (quoting Mitchell, 126 N.J. at 577); see also McCarthy v. United States, 394 U.S. 459, 467 (1969); Barboza, 115 N.J. at 421 n.1 (explaining "[a] factual basis is not constitutionally required unless the defendant accompanies the plea with a claim of innocence.").

## IV.

We find no merit to defendant's argument because it is based on the erroneous premise that his sentence for the 2014 conviction is illegal because he did not provide an adequate factual basis for his plea. Defendant fails to

recognize that not every deficiency in the taking of a factual basis for a plea renders the resulting sentence illegal. D.D.M., 140 N.J. at 95.

The arguments presented in support of defendant's PCR petition did not include a claim of innocence contemporaneous to his 2014 plea or otherwise. To the contrary, the record shows defendant pled guilty in 2014 to DWI while represented by counsel. Defendant answered in the affirmative to the judge's question concerning his right to a trial and his waiver to such right. Although the transcript reflects no audible response to the judge's question which asked whether he was operating a motor vehicle "after [he] consumed intoxicating beverage[s] which affected [his] driving," thereafter, it is without dispute the transcript indicates defendant was silent while the judge made factual findings and while his sentence was being imposed. Nothing in the record reflects defendant failed to understand the nature of the charge or suggested his conduct did not actually fit within the charge. The same record defendant utilizes to support his argument also reveals defendant did not make any claim of innocence nor is there any other indicia in the record which would support the defendant's claim he did not fully understand the nature of his plea. In addition, defendant's verified PCR petition does not assert a claim of innocence, other facts indicating a lack of understanding or that plea counsel was ineffective by

failing to fully apprise him of the consequences of his plea or "the nature of the law as it applie[d] to the facts of [his] case." Belton, 452 N.J. Super. at 541.

Under the circumstances presented, the alleged lack of an adequate factual basis for defendant's plea was not of constitutional significance and did not result in an illegal sentence. See, e.g., D.D.M., 140 N.J. at 95-96 (finding "the trial court's failure to spell out the factual basis of [the] defendant's plea did not, under the circumstances, constitute an improper acceptance of the guilty plea" such that the defendant's sentence was illegal).

The trial judge therefore correctly rejected defendant's claim that his petition could be filed at any time under Rule 7:10-2(b)(1) because he sought PCR from an illegal sentence. Defendant's sentence was not illegal and, as a result, defendant was required to file his PCR petition within the five-year time limit set forth in Rule 7:10-2(b)(2).

As the trial judge correctly determined, defendant's failure to do so required the denial of his PCR petition as untimely.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1786-22