**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1165-23

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

KARL T. STAHL,

     Defendant-Appellant.

_____

Argued October 29, 2024 – Decided November 18, 2024

Before Judges Chase and Vanek.

On appeal from the Superior Court of New Jersey, Law Division, Ocean County, Municipal Appeal No. 23-03.

Kevin T. Flood argued the cause for appellant (Law Office of Kevin T. Flood, LLC, attorneys; Lon C. Taylor, of counsel and on the briefs; Kevin T. Flood, on the briefs).

Cheryl L. Hammel, Assistant Prosecutor, argued the cause for respondent (Bradley D. Billhimer, Ocean County Prosecutor, attorney; Samuel Marzarella, Chief Appellate Attorney, of counsel; Cheryl L. Hammel, on the brief).

PER CURIAM

More than ten years after pleading guilty to his fourth charge of driving while intoxicated ("DWI"), N.J.S.A. 39:4-50(a), defendant Karl T. Stahl sought to run his sentence concurrent with his other license suspensions, to renegotiate his sentence, or withdraw his guilty plea. Defendant now appeals from the November 2, 2023 Law Division order denying, de novo, his petition for post-conviction relief ("PCR") and motion to vacate his guilty plea. We affirm.

I.

On June 4, 2011, defendant was arrested and charged with several motor vehicle violations, including DWI in Ship Bottom. At the scene, defendant presented a Pennsylvania driver's license bearing his picture and the name, "Michael Wendroff." It was subsequently discovered that this Pennsylvania license was fraudulent.

After defendant was admitted into the pre-trial intervention program on the indictable charge stemming from presenting false identification, defendant appeared with counsel in the Borough of Ship Bottom Municipal Court on five Title 39 summonses: reckless driving, N.J.S.A. 39:4-96; DWI, N.J.S.A. 39:4-50; traffic on marked lanes, N.J.S.A. 39:4-88(b); driving while suspended, N.J.S.A. 39:3-40; and failure to produce a valid driver's license, N.J.S.A. 39:3-

At his court appearance, defendant entered a guilty plea. The court began the plea proceeding by having the prosecutor and defendant's counsel place the terms of the agreement, including a ten-year license suspension, on the record. Then the court conducted a colloquy with defendant. First, the court confirmed that defendant had ample opportunity to review his case with counsel and was satisfied with counsel's advice. Next, the court confirmed that defendant understood he had a right to trial but was waiving his rights by entering the plea; that he was entering the plea freely and voluntarily; and that nobody was forcing him to do so. The judge next established that defendant was pleading guilty to DWI with the understanding that the balance of the charges against him would be dismissed. Defendant was explained the fines and penalties he faced because of his plea specifying, "[y]ou're going to receive a 10-year loss of your driving privileges." Defendant agreed and then gave a factual statement admitting that he had been imbibing alcoholic beverages and his ability to operate his vehicle was impaired. He further admitted to taking an Alcotest with a result of 0.12 blood alcohol content.

The court found there was a sufficient factual basis to accept the plea and sentenced defendant to ten years' loss of driving privileges; 180 days in Ocean County Jail, ninety days of which would be served at an inpatient rehabilitation

3

program; two years' ignition interlock (subsequent to the ten-year revocation period); and payment of all applicable fines and penalties. The court then dismissed all remaining charges. Defendant had the following colloquy with the court after the sentence was imposed:

> THE COURT: Do you have a driver's license?
> DEFENDANT: No.
> THE COURT: Suspended already?
> DEFENDANT: Yeah.
> THE COURT: Yes?
> DEFENDANT: Yes, sir.
> THE COURT: Well as a result of your plea of guilty here today, sir, it's suspended for 10 more years from today's date, you understand that?
> DEFENDANT: Yes, sir.

On December 12, 2022, defendant moved for PCR pursuant to Rule 7:10-2(b)(1) and, "in the alternative, vacating [his] plea." In support of this motion, PCR counsel provided their own certification stating that his client "only learned recently that he was not sentenced in accordance with the terms of his plea agreement," and that plea counsel had passed away. Defense counsel argued that the ten-year suspension of defendant's driving privileges was supposed to run concurrent to the suspension period he was already serving at the time of his plea, but the Division of Motor Vehicles was running it consecutively. Defense counsel thus argued that either defendant's sentence needed to be "corrected" so that his license would be restored or alternatively, he should be permitted to

have his plea back. Defendant provided neither a certification nor support for his alternative argument to vacate his plea.

In January 2023, the Ship Bottom Municipal Court conducted a hearing on defendant's PCR motion, and reserved decision. The court then denied the motion, issuing an order supported by a written statement of reasons. The court citied to N.J.S.A. 39:4-50 which states, in relevant part:

> If the driving privilege of any person is under revocation or suspension for a violation of any provision of this Title or Title 2C of the New Jersey Statutes at the time of any conviction for a violation of this section, the revocation or suspension period imposed shall commence as of the date of termination of the existing revocation or suspension period.

As such, the court determined, pursuant to the plain language of the statute, it had no authority to run defendant's DWI sentence concurrent to his other license suspension as it would be an illegal sentence.

Defendant then filed a motion for reconsideration, supplementing his prior filing with a certification from defendant. The court denied reconsideration and issued an order and accompanying statement of reasons finding the motion untimely. Moreover, the court explained, that on a motion for reconsideration, it is improper to supplement one's original moving papers with additional

A-1165-23

information in order to cure an inadequacy in the motion record. Defendant then filed a notice of appeal with the Law Division, Ocean County.

Trial de novo was held on November 2, 2023, in the Law Division. At its conclusion, the court denied defendant's request to run his license suspensions concurrently. Moreover, the court denied defendant's requested relief to remand the matter for a renegotiation of the plea agreement or withdrawal of defendant's plea. As to the argument that defendant's sentence should be corrected, the de novo court found the plain language of N.J.S.A. 39:4-50(a)(3) "clear and unambiguous." The court found that even if it "were to accept [] defendant's argument . . . it cannot do so because having the suspensions run concurrently would be tantamount to an illegal sentence which this [c]ourt cannot endorse." The de novo court then found:

> When the Municipal Court Judge stated that his license would be suspended for [ten] more years from today's date, this was in the broader context of the discussion on defendant's license already having been suspended. The con—in this context, "more" implies that the suspension is in addition to the earlier suspension and it's not simply to run concurrently.
>
> . . . .
>
> Upon a de novo review of the trial [c]ourt's record, this [c]ourt is satisfied that the defendant's plea was made knowingly, intelligently[,] and voluntarily and that []

6

defendant was fully apprised of the potential consequences of a guilty plea.

Thus, the court held defendant's argument that he was not aware of the consecutive nature was without merit.

On appeal, defendant makes the following argument:

> DEFENDANT MUST BE GIVEN THE OPTION TO WITHDRAW HIS GUILTY PLEA BASED UPON HIS ATTORNEY AND THE TRIAL COURT'S FAILURE TO INFORM DEFENDANT OF THE FACT THAT HIS LICENSE SUSPENSION WAS REQUIRED, BY STATUTE, TO RUN CONSECUTIVELY WITH THE PRIOR LICENSE SUSPENSION, A MATERIAL PENAL CONSEQUENCE. INSTEAD, DEFENDANT'S ATTORNEY AND THE TRIAL COURT MISLED DEFENDANT BY INDICATING THAT THE LICENSE SUSPENSION WOULD END IN 2023, RATHER THAN 2033.

II.

"Our review of a de novo decision in the Law Division is limited." State v. Troisi, 471 N.J. Super. 158, 164 (App. Div. 2022) (citing State v. Clarksburg Inn, 375 N.J. Super. 624, 639 (App. Div. 2005)). Importantly, "[w]e do not independently assess the evidence as if we were the court of first instance." Ibid. (citing State v. Locurto, 157 N.J. 463, 471 (1999)). Instead, our review involves "whether there is 'sufficient credible evidence . . . in the record' to support the

trial court's findings." State v. Robertson, 228 N.J. 138, 148 (2017) (omission in original) (quoting State v. Johnson, 42 N.J. 146, 162 (1964)).

Deference is especially appropriate when, as in this case, two judges have examined the facts and reached the same conclusion. As the Supreme Court made clear in Locurto, "[u]nder the two-court rule, appellate courts ordinarily should not undertake to alter concurrent findings of facts and credibility determinations made by two lower courts absent a very obvious and exceptional showing of error." 157 N.J. at 474 (citing Midler v. Heinowitz, 10 N.J. 123, 128-29 (1952)). Therefore, our review of the factual and credibility findings of the municipal and the Law Division "'is exceedingly narrow.'" State v. Reece, 222 N.J. 154, 167 (2015) (quoting Locurto, 157 N.J. at 470). But "[a] trial court's interpretation of the law and the legal consequences that flow from established facts are not entitled to any special deference." Manalapan Realty, L.P. v. Twp. Comm., 140 N.J. 366, 378 (1995). Thus, "[t]he standard of review of a trial court's denial of a motion to vacate a guilty plea for lack of an adequate factual basis is de novo." State v. Tate, 220 N.J. 393, 403-04 (2015).

A.

We affirm the trial court's denial of relief because of the fundamental procedural infirmities in defendant's application. See State v. Armour, 446 N.J.

Super. 295, 310 (App. Div. 2016) (explaining an appellate court may affirm a trial court's decision for reasons different from those expressed by the trial court). We do so by first reviewing the prerequisites to seeking PCR from a DWI conviction and then by examining the timeliness of such PCR.

A defendant may seek PCR from a municipal conviction by filing a petition. R. 7:10-2(a). The petition shall be in writing and conform to the requirements of Rule 7:10-2(f). R. 7:10-2(g)(3). The defendant shall verify the petition and set forth "with specificity the facts upon which the claim for relief is based . . . ." R. 7:10-2(f)(2). The petition also shall not be accepted for filing more than five years after the challenged conviction "unless it alleges facts showing that the delay in filing was due to defendant's excusable neglect." R. 7:10-2(b)(2). Additionally, a petition to correct an illegal sentence may be filed at any time. R. 7:10-2(b)(1).

Defendant's PCR did not contain a verified petition signed by defendant. Instead, counsel for defendant submitted his own certification. The certification relied on hearsay from many different sources and is not a substitute for defendant setting forth facts which his claim for relief is based on and what he knew or understood at the time of his plea. Moreover, defendant inappropriately

sought relief by way of a notice of motion, unsupported by any cognizable evidence demonstrating that his conviction should be set aside.

We next address the untimeliness of defendant's application to withdraw his plea. In the context of the court rules concerning PCR petitions, our Supreme Court has noted:

> As time passes after conviction, the difficulties associated with a fair and accurate reassessment of the critical events multiply. Achieving "justice" years after the fact may be more an illusory temptation than a plausibly attainable goal when memories have dimmed, witnesses have died or disappeared, and evidence is lost or unattainable.
>
> [State v. Mitchell, 126 N.J. 565, 575 (1992).]

The Court has also noted "the need for achieving finality of judgments and to allay the uncertainty associated with an unlimited possibility of relitigation." Id. at 576. Of additional significance in the case before us is the absence of a claim by defendant that he was not guilty of DWI or did not understand a nuanced element of either statutory violation. Considering the problems caused by the passage of significant time following defendant's guilty pleas, defendant's non-assertion of innocence or misunderstanding of the nature of the charges, and the trial court's determination of defendant's motivation, defendant's motion to

withdraw his plea does not constitute a manifest injustice. Defendant's arguments to the contrary are devoid of merit.

While defendant attempted to couch this PCR as a motion to correct an illegal sentence, both judges below correctly held that the sentence being consecutive was not only a legal sentence, but also it was defendant's request, that if granted, would make the sentence illegal. Defendant's sentence was not illegal and, as a result, defendant was required to file his PCR petition within the five-year time limit set forth in Rule 7:10-2(b)(2). Consequently, his application was time-barred by the rules regarding the filing of PCR petitions in Municipal Court and in Superior Court.

Moreover, a trial court's order on a motion for reconsideration will not be set aside unless shown to be a mistaken exercise of discretion. Granata v. Broderick, 446 N.J. Super. 449, 468 (App. Div. 2016) (citing Fusco v. Bd. of Educ., 349 N.J. Super. 455, 462 (App. Div. 2002)). Reconsideration should only be granted in those cases in which the court had based its decision "'upon a palpably incorrect or irrational basis,'" or did not "'consider, or failed to appreciate the significance of probative, competent evidence.'" Ibid. (quoting D'Atria v. D'Atria, 242 N.J. Super. 392, 401 (Ch. Div. 1990)).

11

A motion for "[r]econsideration cannot be used to expand the record and reargue a motion." Capital Fin. Co. of Delaware Valley v. Asterbadi, 398 N.J. Super. 299, 310 (App. Div. 2008). It "is designed to seek review of an order based on the evidence before the court on the initial motion, . . . not to serve as a vehicle to introduce new evidence in order to cure an inadequacy in the motion record." Ibid. (citation omitted); see also Palombi v. Palombi, 414 N.J. Super. 274, 288 (App. Div. 2010) (finding that a motion for reconsideration "is not appropriate merely because a litigant is dissatisfied with a decision of the court or wishes to reargue a motion . . ."). A court may "in the interest of justice" consider new evidence on a motion for reconsideration only when the evidence was not available prior to the decision by the court on the order that is the subject of the reconsideration motion. D'Atria, 242 N.J. Super. at 401; see also Palombi, 414 N.J. Super. at 289 (finding that facts known to the party prior to entry of an original order did not provide an appropriate basis for reconsideration); Fusco, 349 N.J. Super. at 462 (finding the party not entitled to reconsideration where evidence was available but not submitted to the court on the motion for the original order). Defendant failed to make such a showing here. Dissatisfied with the municipal court's original decision, defendant then filed his own

certification which was certainly available prior to the first motion and was not "new evidence."

## B.

Rule 7:6-2(a)(1) provides in part that a municipal court "shall not . . . accept a guilty plea without first . . . determining . . . there is a factual basis for the plea." Maida v. Kuskin, 221 N.J. 112, 123 (2015) (quoting Rule 7:6-2(a)(1)). "A factual basis for a plea must include either an admission or the acknowledgement of facts that meet 'the essential elements of the [offense].'" Tate, 220 N.J. at 406 (quoting State ex. rel. T.M., 166 N.J. 319, 333 (2001)). "[A]n inadequate factual basis does not necessarily entitle a defendant to relief upon a collateral attack of a conviction." State v. Belton, 452 N.J. Super. 528, 540 (App. Div. 2017). It is only under "extraordinary circumstances" that "a court's improper acceptance of a guilty plea may constitute an illegal sentence" for purposes of its determination of the timeliness of a PCR petition. Mitchell, 126 N.J. at 577; see also State v. D.D.M., 140 N.J. 83, 95 (1995). Thus, "[f]or a guilty plea to be illegal in that sense, . . . its acceptance must implicate constitutional issues . . . ." Mitchell, 126 N.J. at 577. It is only where the failure to obtain an adequate factual basis "rises to constitutional dimensions" that the resulting "sentence [is] rendered illegal." State v. Pena, 301 N.J. Super. 158,

163 (App. Div. 1997) (citing Mitchell, 126 N.J. at 577); see also D.D.M., 140 N.J. at 95-96.

It is well-settled that a guilty plea must be entered into knowingly, intelligently, and voluntarily. State v. Johnson, 182 N.J. 232, 236 (2005). Before executing a plea, "the defendant must understand the nature of the charge and the consequences of the plea" including "consequences that are 'direct' or 'penal.'" Ibid. (quoting State v. Howard, 110 N.J. 113, 122 (1988)); see also Rule 3:9-2 (requiring the defendant to complete and sign the appropriate plea forms before accepting a guilty plea). "Obviously, this is best accomplished by the court satisfying itself, through specific question[s] and answer[s]," during a plea colloquy. State v. Kovack, 91 N.J. 476, 484 (1982).

What is involved here is the judicial obligation to enforce a legislatively mandated sentence. When the Legislature imposes minimum penalties for certain offenses, the judiciary must enforce that mandate. See State v. Jefimowicz, 119 N.J. 152, 162 (1990); State v. Des Marets, 92 N.J. 62, 80-81 (1983); State v. Bausch, 83 N.J. 425, 433 (1980); State v. Fearick, 69 N.J. 32, 38 (1976). We would frustrate the legislative mandate command if we were to conclude that defendant could avoid the statutorily required minimum sentence for a fourth time DWI offender.

The defendant's unsupported claim that he didn't know of the consecutive nature of the sentence is belied by the facts of this case.  Rather, the municipal judge's advisement regarding the suspension of defendant's license for "10 more years" was "in the broader context of the discussion on defendant's license already having been suspended."  To capitalize on remarks made by the judge after the sentence was imposed, would further thwart justice from being accomplished.

Clearly, defendant could have no reasonable expectation that if he continually drove while intoxicated, he would be subject only to concurrent penalties.  In another context, we have held that the failure to receive written or oral notice of the penalties applicable to a second, third, or subsequent conviction does not bar imposition of the progressively enhanced sentences mandated by our statutes.  State v. Petrello, 251 N.J. Super. 476, 478-79 (App. Div. 1991); see also N.J.S.A. 39:4-50(c).  The underlying principle applies with equal force here.  The record before us does not suggest that defendant pled guilty because he erroneously believed he was subject only to a suspension concurrent to his other DWI convictions.

To the extent we have not specifically addressed any of defendant's arguments, it is because we have concluded any such contention was of insufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1165-23